DEITCH *et al. v.* CITY OF CHATTANOOGA.

(*Knoxville,* September Term, 1952.)

Opinion filed April 25, 1953.

Tom O. Jewell, of Chattanooga, for plaintiff.

Joe Anderson, City Attorney, and Eugene Tatum, Assistant City Attorney, both of Chattanooga, for defendant.

Mr. Justice Gailor delivered the opinion of the Court.

Defendants appeal from fines imposed for the violation of certain gaming ordinances of the City of Chattanooga. On warrants which charged separately (1) gaming, and (2) possession of gaming devices, judgments were rendered against Defendants in City Court, and on appeal, the judgments were affirmed in the Criminal Court, where the charges against the two Defendants, though presented in five separate warrants, were heard together de novo.

From the City's evidence, which was the oral testimony of a police officer, with exhibits to his testimony, it appeared: (1) That both Defendants had offices or places of business in Chattanooga, where they had been at the time of the offenses charged; (2) That giving these addresses in Chattanooga, both Defendants had signed sworn applications for, and were in possession of Federal wagering stamps, and had paid Federal privilege tax

for engaging in receiving wagers, U. S. Revenue Act of 1951, as amended, 26 U. S. Code, Annotated, Sec 3290 et seq.; (3) That both Defendants had filed signed sworn returns, and paid a ten percent tax to the Federal Government on the amount of wagers made by them. This ten percent tax was paid for months corresponding with dates of the offenses charged in the warrants.

■ ■ This is not a criminal, but a civil appeal, and the assignments of error control the scope of our review. *Bristol* v. *Burrow,* 73 Tenn. 128; *McMinnville* v. *Stroud,* 109 Tenn. 569, 72 S. W. 949; *Kelly & Co.* v. *Conner,* 122 Tenn. 339, 390, 123 S. W. 622, 25 L. R. A.; N. S., 201; *City of Nashville* v. *Baker,* 167 Tenn. 661, 663, 73 S. W. (2d) 169. While three assignments of error are made to support the appeal, they present two questions only: (1) That "the *ordinance* upon which the conviction was made" is unconstitutional; (2) that the evidence introduced by the City was incompetent, being by certified photostatic copies without proof that the originals were not available, or that the introduction of secondary evidence fell within the permitted exceptions.

On account of the number of separate warrants charging different offenses against the two Defendants who were not acting together, the record of what actually occurred in the Criminal Court, is not entirely clear, but from the briefs, we conclude that fines of $50 were imposed on Defendant Deitch for two cases of gaming, and for one case of "possessing a gaming device;" and on Defendant Sledge, fines of $50 for one case of gaming, and one case of possessing a gaming device. The total amount of fines imposed on Deitch was $150, and on Sledge, $100.

■ No question is raised by the assignments of error or argument, of the validity of the ordinances of the City

of Chattanooga, against gaming. It is only the ordinance against the possession of the Federal wagering stamp and its punishment, that is under attack. The warrants charging the possession of gaming devices, charged a breach of the following ordinance, No. 4030, passed December 18, 1951, which in part, provides:

"Section 1. Be it ordained by the Board of Commissioners of the City of Chattanooga, Tennessee, That it shall be unlawful for any person within the corporate limits of the City of Chattanooga, Tennessee, to possess a Federal wagering stamp as provided by the provisions of the Revenue Act of 1951 enacted by the Congress of the United States,

"Section 2. Be it further ordained, That any person violating the provisions of Section One hereof shall be deemed guilty of a misdemeanor, punishable by a fine of not less than $25 nor more than $50 for each violation, and each day any person possesses, within the corporate limits, a Federal wagering stamp shall constitute a separate offense."

By an express provision of the Charter of the City of Chattanooga, Chapter 645, Private Acts of 1931, as amended by Chapter 536, Private Acts of 1949, the City is given authority to prohibit gaming. The foregoing ordinance No. 4030 seems to us, a reasonable regulation to effect that result. As this Court said of a Federal liquor license:

"There is a direct and open connection between the possession of a federal license authorizing the retail sale of intoxicating liquors and the ultimate fact of such sale. The interests of men are such, and experience teaches, that they do not ordinarily incur the expense and trouble of procuring license to engage in the sale of intoxicants, unless they intend

to do so. Apart from the statute making the possession of such license prima facie evidence of the fact of a sale, the inference might well be drawn, in the absence of all rebutting proof, that one who pays the fees and possesses himself of such license is engaged in the sale of intoxicants.'' *Brinkley* v. *State,* 125 Tenn. 371, 386, 143 S. W. 1120, 1123.

It is insisted that Defendants' constitutional protection against self-incrimination was violated by the introduction of the sworn photostats of Defendants' application for the wagering stamps and the tax returns thereafter, showing amounts of the wagers made. It is the further insistence of the Defendants that under the Constitution and Code Sec. 11959, the Defendants had the right to meet the witnesses against them face to face, and subject them to cross-examination. The answer to both of these contentions is that Article I, Section 9, of the Constitution of Tennessee, and Code Section 11959 apply only to ''criminal prosecutions,'' and this proceeding against Defendants for the violation of a City ordinance is civil in nature. *City of Nashville* v. *Baker,* 167 Tenn. 661, 73 S. W. (2d) 169, and other cases cited, supra.

It is further insisted that the ordinance is objectionable because it undertakes to make unlawful, what the Federal law makes lawful. That there is no merit in this contention, is clear from the language of the Act of Congress, itself, Section 3276, 26 U. S. C. A., and the opinion of the Supreme Court of the United States, holding the Act constitutional, *U. S.* v. *Kahriger,* 345 U. S. 22, 73 S. Ct. 510, 97 L. Ed. 754.

By Section 2 of Ordinance 4048, passed March 11, 1952, the City of Chattanooga enacted an ordinance which made possessing a Federal wagering stamp, and paying

the 10% tax on wagers, "conclusive evidence of the violation of the gambling or wagering ordinances of the City." It is insisted that the provision making the possession of Federal stamp and Federal records, "conclusive evidence," is invalid, and if the decision was necessary to a disposition of this case, we would be compelled to agree with the insistence under the authority of *Diamond* v. *State*, 123 Tenn. 348, 362, 131 S. W. 666. However, on the present record, the question is not presented. After the police officer, Leroy Mann, had testified and introduced the Federal exhibits which made the City's case, attorneys for the Defendants announced that they had no witnesses, and did not desire to introduce any proof. We are a Court of errors and appeals, Rule 14, 185 Tenn. 866, and we cannot, on this record, say whether the Trial Judge would or would not have permitted the introduction of proof by the Defendants, since they offered none. The provision of the ordinance making the Federal stamps and tax returns, conclusive evidence of violation of gaming ordinances, was not invoked to convict the Defendants, on the contrary, the City Attorney announced that the City's proof made a "prima facie" case.

Furthermore, we do not find it necessary on this appeal, to determine whether or not, the mere possession of a Federal wagering stamp is or is not possession of a gaming device, since the warrants charged a breach of ordinance 4030, quoted above in this opinion, and the proof of the City that the Defendants possessed these wagering stamps, was undisputed.

■ Finally, as to the second proposition of Defendants, that the certified photostats were incompetent. Code Sec. 9769 provides:

"The certificate of the head of any department or bureau of the general government, is a sufficient au-

thentication of any paper or document appertaining or belonging to his office.''

The photostats, as introduced, were jacketed and sealed with the official seal of the Treasury Department of the United States of America, under the following certificate:

''I certify that the annexed is a true copy of special tax return and application for registry—etc. * * * on file in this Department.

In witness whereof, I have hereunto set my hand and caused the seal of the Treasury Department to be affixed, on the day and year first above written.

''D. L. Siegrist,
Head Administrative Service
Branch Tax Division
Bureau of Internal Revenue.''

We find that the certificates here were in exact compliance with the requirements of Code Sec. 9769, and further, that without the statute, the copies as here introduced, were admissible in evidence under general law. *Stillman* v. *U. S.*, 9 Cir., 177 F. (2d) 607; 32 C. J. S., Evidence, Sec. 651, p. 514; 20 Am. Jur., Evidence, Sec. 430, p. 382.

Being a civil proceeding for the collection of a fine for the breach of a valid ordinance, when the City had made a prima facie case by the testimony of the police officer, and the exhibits which we have held admissible, the City was entitled to judgment unless the prima facie case was overcome by proof introduced by the Defendants. *Mobile, J. & K. C. R. Co.* v. *Turnipseed, Adm'r*, 219 U. S. 35, 43, 31 S. Ct. 136, 55 L. Ed 78, 80.

The assignments of error are overruled and the judgments are affirmed.