ELMER FRANKLIN O'DELL, Defendant — Plaintiff-in-Error, v. CITY OF KNOXVILLE, Plaintiff—Defendant-in-Error.—388 S.W.(2d) 150.

Eastern Section, at Knoxville. September 9, 1964.

Certiorari Denied by Supreme Court March 1, 1965.

60

Reuben H. Nichols, Knoxville, for plaintiff in error.

W. E. Fitzgerald, Knoxville, for defendant in error.

CHATTIN, J.   Elmer Franklin O'Dell, hereinafter referred to as the defendant, was arrested by a police officer of the City of Knoxville, hereinafter referred to as the City.  Pursuant to the arrest a warrant was issued on June 24, 1963, charging defendant with "operating an automobile upon the public streets of the City of Knox-

ville while under the influence of an intoxicant," which quoted words were stamped in the face of the warrant in red ink by means of a rubber stamp. The warrant was issued over the facsimile signature of the City Judge of Knoxville, which was stamped in red ink by means of a rubber stamp.

The defendant was tried, found guilty and fined $100.00 and costs by the City Judge on July 10, 1963.

He appealed to the Circuit Court of Knox County by executing a surety bond in the sum of $250.00 to cover the fine and costs in the event he was cast on the appeal.

On August 7, 1963, the case was heard before the Honorable James M. Haynes, Circuit Judge, sitting without the intervention of a jury. The trial court found the issues in favor of the City and dismissed the appeal and affirmed the judgment of the City Court. A judgment was entered against defendant and the two sureties on his appeal bond for the fine of $100.00 and the costs.

Thereupon, defendant filed a motion in arrest of judgment which was overruled. He perfected an appeal to the Supreme Court, which Court transferred the appeal to this Court.

On his appeal to the Supreme Court he filed three assignments of error in which he insisted the warrant failed to state a cause of action; the warrant was void because it did not bear the genuine signature of the City Judge; and the City ordinance and the fine of $100.00 imposed on defendant by authority of the ordinance contravenue Article 6, Section 14 of our Constitution.

After the case was transferred by the Supreme Court to this Court by an opinion of that Court holding that

the action was in the nature of a civil action by the City to collect a penalty, the defendant filed a supplemental assignment of error in which he insists the fine and the ordinance under which it was levied contravene Article 1, Section 18 of our Constitution.

■ We see no merit in defendant's first assignment and overrule it for the reason we are able to ascertain from the original warrant in the transcript before us, although some of the letters stamped therein are not distinct, that the defendant was charged with "violating an ordinance or ordinances of the City, by operating an automobile upon the public streets of the City of Knoxville while under the influence of an intoxicant on or about the 23rd day of June, 1963, at or near Broadway and Bluff St.''

■ We are of the opinion defendant's second assignment is not good and overrule it. This assignment is based upon the fact the warrant has a facsimile of the signature of Chas. G. Kelly, City Judge, stamped upon it. There is no proof in the record the City Judge had not adopted the facsimile as his signature. Nor is there any proof he did not himself stamp his facsimile signature to the warrant. That being true, the presumption is he had adopted the same as his signature and did stamp the warrant himself.

''The general rule is that the signature to a summons need not be in the handwriting of the person who is by law required to sign it; any signature, whether written, typewritten, stamped, printed, or lithographed, which the party issuing the summons may adopt as his own is considered to be a sufficient compliance with the requirement that such paper be signed.'' 42 Am. Jur., Process, Section 11, page 13.

Defendant's third assignment has for its basis the constitutionality of both the ordinance and the fine or penalty imposed upon defendant.

■ It is insisted that both the ordinance in providing for a penalty of not more or less than $100.00 and the action of the City Judge in assessing the penalty violates Article 6, Section 14 of 'our Constitution, and are null and void.

We do not agree. We are of the opinion there is a marked distinction in the meaning of the word ''penalty'' as used in the ordinance and the word ''fine'' as used in Article 6, Section 14 of our Constitution.

As said in the case of Poindexter v. State, 137 Tenn. 386, 193 S.W. 126:

''While a fine is always a penalty, a penalty is not always a fine. United States v. Nash (D.C.) 111 Fed. 525. A penalty when recovered ordinarily goes to the statutory beneficiaries while a fine goes to the state. [City of] Hudson v. Granger, 23 Misc.Rep. 401, 52 N.Y. Supp. 9.''

''A 'fine' is ordinarily imposed for derelictions of duties existing in favor of the public at large.'' 36A C.J.S. Fines sec. 1, page 432.

''The word 'fine' as used in some constitutional and statutory provisions has been held to be limited to fines imposed as punishment for offenses against the state and not to include fines imposed for violation of municipal ordinances or regulations.'' 36A C.J.S., supra.

''A fine is imposed in a criminal action or proceeding, but a penalty ordinarily is recoverable in a civil action.'' 36A C.J.S., page 433.

64

■ A proceeding for the violation of a municipal ordinance in this State has almost without exception been held to be a civil action and not a criminal prosecution. Guidi v. City of Memphis, 196 Tenn. 13, 263 S.W.(2d) 532; Deitch v. City of Chattanooga. 195 Tenn. 245, 258 S.W.(2d) 776.

■ Finally, we think defendant's fourth or supplemental assignment, which has for its basis that since defendant may be, under the provisions of the ordinance, imprisoned in the event the penalty is not paid violates that section and article of our constitution which prohibits the legislature from passing a law authorizing imprisonment for debt in civil cases is not good and we overrule it.

"The provision of the ordinance requiring the imprisonment of a defendant for failure to pay a fine is not unconstitutional as violative of Article 1, section 18 of the Constitution." Thompson v. State ex rel. Burris, 191 Tenn. 221, 232 S.W.(2d) 42.

"Fines or penalties arising from a violation of the penal laws of the State, city, or village ordinances are not debts within the meaning of a constitutional provision prohibiting imprisonment for a debt." 11 Am. Jur., Section 327, page 1130.

It results defendant's assignments of error are overruled and the judgment of the trial court is affirmed with costs.

Shriver and Humphreys, JJ., concur.