**KANSAS CITY, Missouri, Appellant,**

**v.**

**Albert C. LEE, Respondent.**

**No. 52193.**

Supreme Court of Missouri, Division No. 1.

April 10, 1967.

Motion for Rehearing or to Transfer to Court En Banc Denied May 8, 1967.

Herbert C. Hoffman, City Counselor, Richard W. Mason, Jr. Assoc. City Counselor, Kansas City, for appellant.

W. Raymond Hedrick, Lillie Knight, Kansas City, for respondent.

SEILER, Judge.

Defendant was charged under a Kansas City ordinance providing as follows:

"Section 23.110. Unlawful to possess a federal stamp.—It shall be unlawful for any person within the corporate limits of Kansas City, Missouri, to possess with intent to use for gambling purposes, a federal wagering stamp, as provided by the provisions of the internal revenue code of 1954, as amended, enacted by the Congress of the United States.

"Each day any person possesses, with intent to use for gambling purposes, within the corporate limits of Kansas City a federal wagering stamp shall constitute a separate offense. Any person violating the provisions of this section shall be guilty of a misdemeanor."

The trial court found that defendant did possess a federal wagering stamp, but that the ordinance was unconstitutional under the due process clauses of the state and federal constitutions and dismissed the information. The City has appealed.

■ Kansas City has the power under its charter to suppress and prevent gambling, as respondent agrees in his brief. A federal wagering stamp is a federal occupational tax on persons who are going to engage in the business of accepting wagers, United States v. Kahriger, 345 U.S. 22, 73 S.Ct. 510, 97 L.Ed. 754. It must be paid before engaging in the business of wagering, Lewis v. United States, 348 U.S. 419, 75 S.Ct. 415, 99 L.Ed. 475. While the possessor of such a stamp is free to show he bought it for an innocent purpose, the City Council of Kansas City as the repository of the police powers of the city would be justified in viewing with suspicion and concern the possession of such stamps by its residents. A federal gambling stamp bears a reasonable relationship to gambling, as, for example, burglary tools do to burglary. The Council could reasonably conclude that there was likely to be less gambling in Kasnas City if it prohibited the possession of such stamps than if there were no such prohibition. The federal statute provides payment of the federal tax shall not exempt any person from any penalty provided by a law of the state for engaging in the same activity, Title 26, Sec. 4422, U.S.C.A.

The ordinance is directed against possession with certain intent of an article which can reasonably be expected, if something is not done about it, to be used to violate the gambling laws. The same type of proscription has applied in this state for years to possession of burglary tools, State

v. Hefflin, 338 Mo. 236, 89 S.W.2d 938, 103 A.L.R. 1301, V.A.M.S. Section 560.115.[1]

■ The ordinance does not violate the due process clause of the state or federal constitutions and the trial court erred in so holding. The ordinance is a reasonable regulation, directed to an article which shows the holder thereof has put himself in a position where he can engage in the business of accepting wagers, is fairly referable to the municipal police power to suppress and prohibit gambling and gambling activities, and hence valid, Passler v. Johnson (Mo.Sup.), 304 S.W.2d 903, 908. Respondent's main attack on the ordinance is that it makes intent alone an offense without requiring an overt act. But the ordinance does not permit a conviction merely by showing that the defendant has an intent to gamble. It requires proof of possession of a federal wagering stamp with intent to use it for gambling purposes.

In the present case the City proved defendant had possession of the federal stamp. It also showed that when the police went to defendant's residence with a search warrant, they saw him through the doorway seated at a desk in the dining room area writing on a pad, which the officer identified as a play pad used in "policy" where the writer keeps a record of what has been bet with him; also there was in the room in the immediate area of defendant another pad showing totals and bets paid off and a bundle of policy slips showing the class and pull. At the same time, in answer to the policeman's inquiry, the defendant said he did have a federal wagering stamp and if he didn't, he couldn't be out on the street writing, that he would be in trouble with the "Revenue" without it and in trouble with the police with it, and that because of the police coming in with search warrants and confiscating his materials he didn't keep on hand as much as he used to, just one pad he was using for his day's writing.

Defendant's case consisted of cross-examination of the arresting officer to the effect that defendant was the only other person in the room besides the officers, that they did not see any physical gambling going on at the time, saw nobody win or lose anything and saw no money transferred. Defendant did not offer any evidence, and, of course, there was no evidence offered that he had the stamp for an innocent purpose.

■ The trial court, although concluding the ordinance was unconstitutional, also held there would have to be proof of an overt act of gambling in order to constitute an offense under the ordinance if it were valid. Proof of an overt act of gambling would be admissible on the question of intent, but the trial court was in error in holding that the prosecution has to prove overt gambling in order to show an offense under the ordinance.

The judgment is reversed and the cause remanded.

HOLMAN, P. J., HENLEY, J., and KIMBERLIN, Special Judge, concur.

1. While the present ordinance requires both possession and intent, we note there are many statutes and ordinances which make possession of various articles lending themselves to illegal use a violation, with nothing said as to intent: For example, V.A.M.S. Section 563.374, as to punchboards, etc., and see State v. Container Manufacturing Company (Mo.App.) 364 S.W.2d 20, giving numerous instances of statutes and ordinances making unlawful mere possession of slot machines, pinball machines and punchboards; V.A.M.S. Section 301.390, prohibiting possession of motor vehicles or tires on which the manufacturer's number has been removed or altered, upheld in Star Square Auto Supply Co. v. Gerk, 325 Mo. 968, 30 S.W.2d 447, against a charge, among others, that the statute violated due process; Deitch v. City of Chattanooga, 195 Tenn. 245, 258 S.W.2d 776, upholding an ordiance making mere possession of a federal wagering stamp unlawful.