Connie L. CLARK, Petitioner–Appellant,

v.

METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, Respondent–Appellee.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Oct. 11, 1991.

Application for Permission to Appeal
Denied by Supreme Court
March 9, 1992.

---

John E. Herbison, Nashville, for petitioner-appellant.

Susan Short Jones, Director of Law, William L. Parker, Jr., Metropolitan Atty., Dept. of Law, Nashville, for respondent-appellee.

## OPINION

TODD, Presiding Judge.

The plaintiff, Connie L. Clark, has appealed from an adverse ruling upon plaintiff's petition for certiorari seeking interlocutory relief from the action of the Metropolitan General Sessions Court in granting leave to amend an affidavit supporting a metropolitan citation for violating a municipal ordinance.

—History of the Case—

On November 9, 1990, plaintiff filed in Circuit Court a "Petition for the Writ of Certiorari". The petition alleged the following:

1. On May 26, 1990, an officer of the Metropolitan Police Department cited plaintiff to appear before Metropolitan General Sessions Court on July 30, 1990, on a charge of violation of Metropolitan Code § 34–1–1, "Resisting or Interfering with Officers".

2. On July 23, 1990, plaintiff filed a motion to dismiss for defects in the citation.

3. The Metropolitan Government moved to amend the citation, which motion was granted.

4. On October 8, 1990, the Metropolitan General Sessions Court entered an order that interlocutory review of the order was appropriate.

The prayers of the petition were as follows:

A) That the Writ of Certiorari, returnable to this Court, issue and the proceedings of the Metropolitan General Sessions Court be brought up to this Court for review and revision.

B) That this Court reverse the action of the Metropolitan General Sessions Court in permitting amendment of the affidavit of Officer Burnett and remand this cause for further proceedings on the original Metropolitan Misdemeanor Citation.

C) That the costs of this action be taxed to the Respondent.

D) That she have such further or general relief as she may be entitled.

A fiat for the writ of certiorari was signed by the Trial Clerk, the writ was issued by the Trial Clerk and the record in the General Sessions Court was transmitted to the Trial Court.

After answer by the Metropolitan Government, plaintiff moved for judgment on the pleadings.

The Trial Court entered the following order:

This matter came before this Honorable Court on the 11th day of January, 1991, on Petitioner's Motion for Judgment on the Pleadings, the case having come from the Metropolitan Court for interlocutory review on Petition for Writ of Certiorari. Petitioner had been issued a citation for interfering with a police officer in violation of Metropolitan Code Section 34–1–1. The Trial Judge granted Respondent's Motion to Amend the Affidavit supporting the citation and Petitioner appealed.

Based on the legal memorandums filed by counsel, argument of counsel, and the applicable law, specifically *Murff v. State*, [221 Tenn. 111], 425 S.W.2d 286 (Tenn.1967), this Court finds that

(1) the original Affidavit stated "conduct" sufficiently to constitutionally bring Petitioner's actions within the scope of Metropolitan Code Section 34–1–1; and

(2) the original Affidavit gave Petitioner sufficient notice of the charge against her; and

(3) the amended Affidavit filed by Officer Terry Burnett did not change the nature of the offense or add a new offense.

Therefore, this Court finds that the Metropolitan Court Judge acted properly in allowing the Metropolitan Government to amend the Affidavit to the citation issued Petitioner and remands this case to the Metropolitan Court to be tried on its merits on the original citation supported by the amended Affidavit, and it is so ORDERED. Costs are assessed against the Petitioner.

The sole issue stated by appellant is as follows:

Whether the trial court erred in granting judgment on the pleadings or summary judgment in favor of the Respondent–Appellee Metropolitan Government.

In support of her issue stated above, plaintiff makes the following arguments:

A. The Circuit Court appropriately exercised its supervisory power in initially accepting interlocutory review of the Metropolitan Court proceedings.

B. To permit the statement of facts in a municipal citation to be amended on the day of trial without prior notice to the accused violates State and Federal Constitutional guarantees.

C. The procedure followed by the Metropolitan Court indicates an excess of the jurisdiction conferred upon such Court.

D. In the alternative, the Metropolitan Court acted illegally in permitting amendment of the affidavit.

—The Nature of the Original Action—

The complaint alleges that plaintiff was cited for violation of a municipal ordinance of the Metropolitan Government of Nashville and Davidson County, Tennessee.

■ Metropolitan Court of General Sessions is authorized to hear civil actions by the municipal government for violations of its ordinances and criminal actions for violation of State criminal statutes. (Charter of the Metropolitan Government of Nashville and Davidson County, Tennessee, Article XIV, Sec. 14.02).

■ A violation of a municipal ordinance partakes more or less of a civil wrong. *Hill v. State, ex rel. Phillips*, 216 Tenn. 503, 392 S.W.2d 950 (1965).

■ Cases in Metropolitan General Sessions Court of Nashville and Davidson County represented by "metropolitan warrants and procedures" are civil actions, triable *de novo* upon appeal to the Circuit Court. *Metro. Gov't. of Nash. & Davidson Cty. v. Allen*, Tenn.1975, 529 S.W.2d 699.

■ Where a warrant charges only the violation of a city ordinance, it is considered only as a civil process, and technical nicety of pleading is not required. *Guidi v. City of Memphis*, 196 Tenn. 13, 263 S.W.2d 532, (1954).

Cases involving violations of city ordinances are not criminal prosecutions, but rather civil in nature, having as their object the vindication of domestic relations; on appeal to Circuit Court, they are triable *de novo* in the same procedural rules as those governing tort actions instituted in General Sessions Courts. *Briggs v. City of Union City*, Tenn.1975, 531 S.W.2d 106.

■ A prosecution for an act violating a city ordinance is a civil and not a criminal proceeding and is governed by rules in civil cases. *O'Dell v. City of Knoxville*, 214 Tenn. 237, 379 S.W.2d 756; 54 Tenn.App. 59, 388 S.W.2d 150 (1964).

*See also Geitch v. City of Chattanooga*, 195 Tenn. 245, 258 S.W.2d 776 (1953); *City of Memphis v. Smythe*, 104 Tenn. 702, 58 S.W. 215 (1900); *City of Sparta v. Lewis*, 91 Tenn. 370, 23 S.W. 182 (1892); *Town of Bristol v. Burrow*, 73 Tenn. (5 Lea.) 128 (1880); *Meaher v. City of Chattanooga*, 38 Tenn. (1 Head) 74 (1858); *Aizenshatt v. Mayor and Aldermen of City of Jackson*, 1 Tenn. CCA (1 Higgins) 805 (1911).

■ Pleadings in a civil case before a General Sessions Court are *"ore tenus"* (oral, in open court), except where the plea is required to be under oath. *Craig v. Collins*, Tenn.App.1974, 524 S.W.2d 947. Civil actions are ordinarily brought in General Sessions Court by a "civil warrant" which includes a designation of the type of action and a notice to appear for trial. With certain exceptions, civil warrants are not required to be supported by affidavit. In lieu of a civil warrant, metropolitan police officers apparently use a "citation" or "ticket" which serves as a civil warrant. As such, it is not required to be supported by affidavit, either at the time of service or at the trial. Therefore, in the present case, the original affidavit and the amendatory affidavit were unnecessary. The allegation of the first affidavit, if unamended might have limited the scope of the plaintiff's action. The written amendment was no more and no less than an oral amendment which was permissible so long as the defendant was allowed a fair opportunity to prepare a defense to it.

■ Appellant argues that the issuance of a citation represents a restraint upon liberty. This Court does not agree. A citation to court for violation of a municipal ordinance is no more and no less than the service by a deputy sheriff of a civil warrant to appear in General Sessions Court to defend a civil action of debt for a grocery bill.

Appellant asserts that the potential for the imposition of a fifty dollar fine (judgment) is a potential deprivation of property. This Court does not agree. The potential property loss in a citation for violation of a city ordinance is no more and no less than the potential property loss from any other civil suit if prosecuted to judgment and execution.

While due process rights are applicable to some civil suits; the extensive and nu-

merous judicial pronouncements regarding process in criminal cases are not invariably applicable to civil cases.

There is no violation of constitutional rights in an orderly and peaceful service of a summons or other notice to appear in court and defend a civil action.

Appellant cites *Bacon v. Patera*, 772 F.2d 259 (1985), wherein a private detective sued a police chief for threatening to arrest him and harassing him by repeatedly issuing citations for violation of a city ordinance regarding detectives, which ordinance did not authorize enforcement by citation or otherwise. The complaint charged unlawful searches and seizures, police harassment and intimidation, malicious prosecution, and violation of due process. The appellate court recognized the possibility of a violation of 42 U.S.C. § 1983 by misuse of official position to harass by repeated issuance of citations for non existent violations and remanded for exploration of this possibility. The opinion is not authority for placing a citation for violation of a city ordinance in the same status as arrest warrants or indictments initiating criminal prosecutions.

■ The repeated, persistent, malicious institution of civil proceedings by a public official in the name of a public authority may support an action under 42 U.S.C. § 1983, but no such circumstances are alleged or shown in the present case.

■ Appellant complains that her rights were violated by permitting an amendment of the citation to add an affidavit of facts not included in the original affidavit in the citation. As previously explained, the citation was subject to amendment under conditions of fairness as any other civil pleading in General Sessions Court.

No constitutional right of appellant was violated by permitting the amendment of the citation (civil warrant). There is no showing that appellant was forced to trial without opportunity to investigate and controvert the allegations of the amendment.

—The Writ of Certiorari—

■ The constitutional basis for granting a writ of certiorari is as authorized by law and in all cases where an inferior tribunal has exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally or where there is no other plain, speedy, or adequate remedy. T.C.A. § 27–8–101.

■ The writ of certiorari lies at common law to review and supervise the proceedings of inferior tribunals, but does not take the place of appeal or writ of error, and brings up the entire record to determine whether there has been an excess or absence of jurisdiction, or failure to proceed according to the essential requirements of the law. *Conners v. City of Knoxville*, 136 Tenn. 428, 189 S.W. 870 (1916).

■ Statutory certiorari lies:
1. on suggestion of diminution;
2. where no appeal is given;
3. as a substitute for appeal;
4. instead of *Audita Querela;*
5. instead of Writ of Error. T.C.A. § 27–8–102

■ This Court is unaware of any occasion when the extraordinary writ of certiorari has been issued to review the granting of leave to amend a civil pleading in Circuit or Chancery Court; much less an occasion when a Circuit or Chancery Court issued the writ to review such a ruling by a Municipal or General Sessions Court. There is adequate remedy for error in such a ruling by a Municipal or General Sessions Court in the *de novo* appeal as of right to the Circuit Court. A moments reflection will produce a picture of the chaos resulting from opening the way for multitudinous interlocutory applications to Circuit Courts to obtain review of interlocutory rulings of Municipal and General Sessions Courts.

An extreme situation might arise which would justify the issuance of a writ of certiorari to review an interlocutory ruling of a General Sessions Court in a civil case; but this record reflects no action by the Metropolitan General Sessions Court which would justify the extraordinary process of certiorari.

The remedy of certiorari is not available as of right, but is granted under unusual or

extraordinary circumstances. It is instituted by an application to a court of competent jurisdiction which may or may not authorize the writ. Since there was no legitimate cause for the writ of certiorari, it was erroneously granted.

The dismissal of the petition for certiorari amounting to a denial of the writ of certiorari was correct. Such action authorized the General Sessions Court to proceed as though no petition for the writ had been filed.

■ If a Trial Court reaches the correct result, its judgment is entitled to affirmance irrespective of the reasons stated. *Benson v. U.S. Steel Corp.*, 225 Tenn. 164, 465 S.W.2d 124 (1971).

The judgment of the Trial Court dismissing this suit is affirmed. All costs, including costs in the Circuit Court are taxed against the plaintiff. The cause is remanded to the Trial Court for collection of costs.

Affirmed and remanded.

CANTRELL, J., concurs.

KOCH, J., concurs in separate opinion.

KOCH, Judge, concurring.

The majority has reached the proper result. However, I file this separate opinion because this case should be decided on procedural grounds alone. The common law writ of certiorari should not be used as a vehicle for appealing a general sessions court's interlocutory decisions when Tenn. Code Ann. § 27–5–108 (1980) provides an adequate appeal procedure. Therefore, I concur with the majority's conclusion that the writ was "erroneously granted," but I decline to join in the remainder of the majority's opinion.

I.

Connie Clark called the police for help on May 26, 1990. Officer Terry Burnette responded to the call and had some sort of altercation with Ms. Clark while he was questioning three men who had apparently been fighting near Ms. Clark's house trailer. As a result, Officer Burnette issued Ms. Clark a citation for interfering with a police officer in violation of Metropolitan Ordinance No. 34–1–1.

Ms. Clark moved to dismiss the citation in the Metropolitan General Sessions Court, alleging that Metropolitan Ordinance No. 34–1–1 was unconstitutional and that the citation did not make out a violation of the ordinance. On October 3, 1990, the city moved for permission to file a more detailed account of what transpired at Ms. Clark's home. The general sessions court granted the city's motion but also granted Ms. Clark's motion for a continuance to enable her to seek interlocutory review of its decision in the circuit court.

On November 7, 1990, Ms. Clark filed a petition for a common law writ of certiorari in the Circuit Court for Davidson County. The circuit court signed the fiat on November 12, 1990, and the clerk issued the writ of certiorari on November 13, 1990. On January 22, 1991, the circuit court entered an order finding that the general sessions court acted properly when it permitted the city to file an amended account of the offense. The circuit court thereupon remanded the case to be tried on the merits. Ms. Clark has appealed from the circuit court's decision.

II.

A common law writ of certiorari provides a vehicle for a court to remove a case from a lower tribunal to determine whether there has been a failure to proceed according to the essential requirements of the law. *Gatlinburg Beer Regulation Comm. v. Ogle*, 185 Tenn. 482, 486, 206 S.W.2d 891, 893 (1948). It is a discretionary writ, *Boyce v. Williams*, 215 Tenn. 704, 713–14, 389 S.W.2d 272, 277 (1965), and should not be granted if the person seeking it has other adequate appellate remedies. *Pack v. Royal–Globe Ins. Cos.*, 224 Tenn. 452, 465, 457 S.W.2d 19, 24 (1970); *Tragle v. Burdette*, 222 Tenn. 531, 533, 438 S.W.2d 736, 737 (1969).

Parties dissatisfied with the general sessions court's decision have a statutory right to another trial in the circuit court. *See* Tenn.Code Ann. § 27–5–108(a). The trial in circuit court is de novo which means simply that the case is tried anew. *See* Tenn.Code Ann. § 27–5–108(c); *Allen v. Wood*, 38 Tenn. (1 Head) 436, 438 (1858). Contrary to the appellant's disingenuous

assertions during argument, the parties may assert the same claims and defenses in the circuit court that they asserted in the general sessions court.

The general sessions court was prepared to hear Ms. Clark's case on the merits in October, 1990. All these later proceedings would have been unnecessary had she prevailed. Had she been dissatisfied with the outcome, she could have obtained a de novo trial in the circuit court where she could have raised all the claims and defenses she seeks to raise in this certiorari proceeding. As things stand now, over sixteen months have elapsed since the issuance of the citation, and this matter is still not resolved.

Interlocutory appeals are intended to prevent needless, expensive, and protracted litigation. This case demonstrates the folly of circumventing Tenn.Code Ann. § 27–5–108. Making the writ available in circumstances such as this one will only provide defendants with the means to delay their trials in general sessions court and will promote rather than prevent protracted litigation. The circuit court should have summarily denied Ms. Clark's petition for writ of certiorari.