# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### MAY SESSION, 1998

FILED

June 8, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 02C01-9707-CC-00284** |
| | ) | |
| Appellant, | ) | |
| | ) | **MADISON COUNTY** |
| **V.** | ) | |
| | ) | |
| | ) | **HON. WHIT LAFON, JUDGE** |
| **KENNETH LEATH,** | ) | |
| | ) | |
| Appellee. | ) | **(STATE APPEAL)** |


FOR THE APPELLEE:                    FOR THE APPELLANT:

**GEORGE MORTON GOOGE**          **JOHN KNOX WALKUP**
District Public Defender              Attorney General & Reporter

**STEPHEN P. SPRACHER**            **MARVIN E. CLEMENTS, JR.**
Assistant Public Defender            Assistant Attorney General
227 West Baltimore                   2nd Floor, Cordell Hull Building
Jackson, TN  38301                   425 Fifth Avenue North
                                     Nashville, TN  37243

                                     **JAMES G. WOODALL**
                                     District Attorney General

                                     **JAMES W. THOMPSON**
                                     Assistant District Attorney General
                                     225 Martin Luther King Drive
                                     P.O. Box 2825
                                     Jackson, TN  38302


OPINION FILED _____

REVERSED AND REMANDED

THOMAS T. WOODALL, JUDGE

# OPINION

In this case, the State has filed a notice of appeal pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. The trial court sentenced Defendant, Kenneth Leath, to six (6) years incarceration in the Department of Correction as a Range II offender for his conviction of burglary in violation of Tennessee Code Annotated section 39-14-402. In a three (3) count indictment, the Defendant was originally charged with one (1) count of burglary, one (1) count of theft of property less than $500.00 value, and one (1) count of vandalism in an amount less than $500.00. The Defendant's guilty plea was entered on July 16, 1997. On that date, a document styled "Plea of Guilty and Waiver of Jury Trial and Appeal" was signed by the Defendant, his counsel, and the Assistant District Attorney. That document specifically states that the sentence to be imposed upon the negotiated plea agreement pursuant to Rule 11(e)(1)(C) of the Tennessee Rules of Criminal Procedure, was an eight (8) year, Range II sentence in the Department of Correction. The theft and vandalism charges were to be dismissed. At the guilty plea hearing, the trial court agreed to allow the Defendant to plead guilty, but unilaterally reduced the length of sentence to six (6) years. We reverse and remand this case to the trial court for further proceedings consistent with this opinion.

The pertinent portion of the guilty plea hearing is as follows:

[ASSISTANT D.A.]: Your Honor please, Mr. Leath is pleading in 97-54 to burglary of a building, a Class E [sic] felony which carries a range of punishment of two to twelve years. Pursuant to our agreement, we're asking that the second count, theft of property, and the third count, which is vandalism, be dismissed.

The State on a trial in this matter would show that on October the 3rd, 1996 in Madison County, the Defendant did unlawfully enter a building, to-wit, Sunbelt Screen Printers in Madison County, without the consent of the owner and with the intent to commit theft of property.

The State recommends upon a plea of guilty a sentence of eight years as a Range II offender. We recommend that there be no fine, and we recommend that this is to be served in the Department of Corrections [sic] and to run consecutively to any prior convictions.

THE COURT: Mr. Leath, is that what you understood the recommendation to be?

THE DEFENDANT: Yes, sir.

THE COURT: All right. I find your decision to plead guilty has been made freely, that you've had the advice of a lawyer whom you say you're satisfied. [sic]. I'll accept the recommendation of the District Attorney with the exception I'm going to make it six years rather than eight years.

* * *

[ASSISTANT D.A.]: Your Honor, this was done pursuant to Rule 11(e)(1)(C). Note the State's objection.

THE COURT: Note the State's exception. You're now sentenced.

[ASSISTANT D.A.]: For the record, the State withdraws its recommendation and would ask that it be set for trial.

THE COURT: The Court denies that. He's sentenced. You may take your appeal.

* * *

[ASSISTANT D.A.]: Just for the record, I want to point out, it's done pursuant to Rule 11(e)(1)(C), which the State's position is that the Court can either accept or reject the plea and cannot modify it.

THE COURT: All right, note your exception. Motion is overruled. Your exception is overruled.

The Defendant initially challenges the right of the State to appeal pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. Tennessee Code Annotated section 40-35-402 allows the State in a criminal case to appeal from the length, range, or manner of the service of a sentence imposed by the sentencing court. However, subsection (b) limits an appeal from a sentence under that code section to one or more of the following conditions:

(1)     The court improperly sentenced the defendant to the wrong sentence range;

(2)     The court granted all or part of the sentence on probation;

(3)     The court ordered all or part of the sentences to run concurrently;

(4)     The court improperly found the defendant to be an especially mitigated offender; or

(5)     The enhancement and mitigating factors were not weighed properly.

Based upon a fair reading of Tennessee Code Annotated section 40-35-402, none of the conditions of an appeal by the State are applicable to the situation in this case. Under Rule 3(c) of the Tennessee Rules of Appellate Procedure, the State can appeal from an order of the trial court where:

(1)     The substantive effect of which results in dismissing an indictment, information, or complaint;

(2)     Setting aside a verdict of guilty and entering a judgment of acquittal;

(3)     Arresting judgment;

(4)     Granting or refusing to revoke probation; or

(5)     Remanding a child to the juvenile court.

Rule 3(c) of the Tennessee Rules of Appellate Procedure also provides that the State may appeal from a final judgment in a habeas corpus, extradition, or post-conviction proceeding.

The State diligently filed a notice of appeal on July 28, 1997, twelve (12) days after the trial court's action in the guilty plea hearing. While a judgment has been entered reflecting a sentence of six (6) years in the Department of Correction, the judgment includes the following notation: "The court rejects the State's recommendation to the agreed sentence of 8 years, Rg II and modifies the sentence to 6 yrs, Rg II, over the State's objection." The judgment was filed on July 28, 1997, the same date that the notice of appeal was filed by the State.

We agree with the Defendant that the State cannot appeal as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure from the trial court's disposition in this case. In addition, Rules 9 and 10 of the Tennessee Rules of Appellate Procedure pertain to interlocutory orders of the trial court and in this case a final judgment has been entered. However, we feel the State is not without a remedy. Tennessee Code Annotated section 27-8-101, commonly referred to as the "common-law writ of certiorari" provides in pertinent part as follows:

> The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal . . . has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy. This section does not apply to actions governed by the Tennessee Rules of Appellate Procedure."

As summarized by the Tennessee Court of Appeals,

> The writ of certiorari lies at common law to review and supervise the proceedings of inferior tribunals, but does not take the place of appeal or writ of error, and brings up the entire record to determine whether there has been an excess or absence of jurisdiction, <u>or</u> <u>failure</u> <u>to proceed</u> <u>according</u> <u>to</u> <u>the</u> <u>essential</u> <u>requirements</u> <u>of</u> <u>the</u> <u>law</u>.

Clark v. Metro. Gov. of Nashville, 827 S.W.2d 312, 316 (Tenn. App. 1991) (emphasis added) (*citing* Conners v. City of Knoxville, 136 Tenn. 428, 189 S.W. 870 (1916)).

Therefore, the proper procedure for the State to seek review of the trial court's disposition in this case would have been by writ of certiorari. However, we do not feel that it is in the interests of justice in this case to dismiss the appeal. Our supreme court has held that it has the authority to transform an appeal improperly filed under Rule 3 of the Tennessee Rules of Appellate Procedure into a proper appeal under Rule 10 of the Tennessee Rules of Appellate Procedure. State v. Gallaher, 730 S.W.2d 622, 623 (Tenn. 1987). Our court has also held that it has the same power over appeals filed in this court. State v. James Doe, No. 01C01-9102-CR-00046, Lexis 971, slip op. at 3, Davidson County (Tenn. Crim. App., Nashville, June 29, 1992).

Rule 36(a) of the Tennessee Rules of Appellate Procedure provides in part that the court of criminal appeals "shall grant the relief on the law and facts to which the party is entitled or the proceeding otherwise requires and may grant any relief, including the giving of any judgment and making of any order . . . ."

Thus, we shall treat this matter as a petition for writ of certiorari by the State, and we proceed to determine the matter on the merits.

The "Plea of Guilty and Waiver of Jury Trial and Appeal" form signed by the Defendant, his counsel, and the Assistant District Attorney unequivocally states that the negotiated guilty plea is entered pursuant to Rule 11(e)(1)(C) of the Tennessee Rules of Criminal Procedure. That rule specifically states that the parties "[a]gree that a specific sentence is the appropriate disposition of the case."

Our supreme court has held that "[t]here is no provision in Rule 11(e) [Tenn. R. Crim. P.] that permits the trial court to alter the agreement if the plea is being entered under subsection (1)(C)." State v. Grady Hargrove, No. 01S01-9203-CC-00035, slip op. at 3, Humphreys County (Tenn., Nashville, Aug. 9, 1993).

The Defendant argues that Rule 11(e)(4) of the Tennessee Rules of Criminal Procedure permits the trial court to reduce the length of the sentence in a negotiated plea agreement. That rule provides that the trial court must, if it rejects a plea agreement, advise the defendant that if he or she persists in a guilty plea the disposition of the case may be less favorable for the defendant than that contemplated by the plea agreement. In addition to the fact that the supreme court has implicitly rejected this argument in Hargrove, we further note that Rule 11(e)(4) contemplates the trial court rejecting the entire plea agreement and by necessity the guilty plea of the defendant. The warning is for the defendant who might desire to proceed and enter a guilty plea notwithstanding the trial court's rejection of the entire plea agreement.

In the case sub judice, the trial court accepted all portions of the negotiated plea agreement except the length of the sentence. For unexplained reasons, the trial court unilaterally decided to reduce the length of the sentence

which had been agreed upon by the parties pursuant to Rule 11(e)(1)(C) of the Tennessee Rules of Criminal Procedure.

We conclude that the trial court exceeded its authority by unilaterally reducing the sentence, thus failing to proceed with the essential requirements of the law. Accordingly, the judgment must be reversed and this case remanded to the trial court. If the trial court still rejects the negotiated agreement as set forth in the "Plea of Guilty and Waiver of Jury Trial and Appeal" signed on July 16, 1997 and filed of record on July 17, 1997, then the State shall be entitled to present proof at a sentencing hearing if the Defendant chooses to persist in a plea of guilty to all counts of the indictment without an agreed disposition. Of course, the parties can further negotiate for a different agreement if the trial court continues to reject the negotiated plea agreement previously entered into between the parties. If the trial court accepts the previously signed agreement upon remand, judgment shall be entered reflecting that Defendant is sentenced to serve eight (8) years in the Department of Correction as a Range II offender under the terms and conditions of the agreement signed on July 16, 1997.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

_____
PAUL G. SUMMERS, Judge