IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 13, 2024 Session

## KENNETH R. BROOKS v. WHALEY CONSTRUCTION, LLC

Appeal from the Circuit Court for Blount County
No. L-20957    David Reed Duggan, Judge

_____

### No. E2023-00711-COA-R3-CV

_____

This is an appeal from a premises liability claim brought against a construction company. The plaintiff tripped over a cut signpost while walking along a highway in Blount County, Tennessee. The plaintiff alleged that the defendant construction company caused, created, or had knowledge of the signpost and had a duty to the plaintiff. Following a motion for summary judgment by the construction company, the trial court determined that that construction company was not responsible for the signpost and thus owed the plaintiff no duty of care. The plaintiff appealed to this Court. Discerning no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and THOMAS R. FRIERSON, II, J., joined.

Robert W. White, Maryville, Tennessee, for the appellant, Kenneth R. Brooks.

Janet Strevel Hayes and W. Paul Whitt, Knoxville, Tennessee, for the appellee, Whaley Construction, LLC.

## OPINION

### BACKGROUND

This is an appeal from a grant of summary judgment in a negligence case. On May 16, 2022, Kenneth R. Brooks ("Plaintiff") filed suit against Whaley Construction, LLC ("Whaley") in the Circuit Court for Blount County (the "trial court"). Plaintiff alleged that on May 19, 2021, he tripped and fell over a cut signpost as he walked along a grassy highway median on Highway 411 in Maryville, Tennessee. Plaintiff claimed to be walking

in the median because his car had broken down. According to Plaintiff, the signpost protruded only about one foot out of the ground when he tripped over it. Plaintiff claims to have suffered serious injuries, primarily to one of his knees, as a result. It is undisputed that Whaley was doing construction along the highway and blocked off a portion of the grassy median with a silt fence. While it is undisputed that the protruding signpost was located outside of the silt-fence boundary, Plaintiff claims that Whaley nonetheless had control over or custody of the signpost, knew the signpost was cut and concealed, and that the signpost constituted a dangerous condition.

Following discovery, Whaley filed a motion for summary judgment on September 30, 2022, arguing that "the alleged area where the Plaintiff claims he tripped and suffered the alleged injury was not within any area under the possession, custody or control of Whaley at the time of the alleged injury, and Whaley did not create the alleged dangerous condition." Along with its motion and statement of undisputed material facts, Whaley filed the declaration of Michael Park, a Whaley superintendent. Mr. Park opined that while Whaley worked on the Highway 411 project, the only area within Whaley's custody and control at the time of Plaintiff's fall was the area within the silt fence. Mr. Park claimed that "at the time of the alleged [a]ccident Whaley did not have any control over or responsibility for the areas outside the silt fence." Attached to the declaration is an aerial photograph of the site where the accident occurred; the photograph shows the silt fence location and the location of Plaintiff's fall. Mr. Park opined that Plaintiff self-identified where the fall occurred in his responses to Whaley's discovery requests and that it is outside of Whaley's silt fence. Mr. Park also stated in his declaration that Whaley's project did not involve the creation or removal of the signpost.

On March 24, 2023, Plaintiff responded to Whaley's motion for summary judgment. Plaintiff argued that whether Whaley controlled the sign/area at issue was a dispute of material fact and that "there is evidence of construction activity outside the fence at [t]he time of the incident." Plaintiff also filed his own declaration, which provides in relevant part that Plaintiff "notice[d] a silt fence around part of the construction area but it also appeared that construction equipment was outside the fence and it appeared that work was being done outside the fence as there were piles of dirt that looked as if they had been recently dug." Plaintiff claimed that although the signpost was located outside Whaley's silt-fence boundary, it appeared to Plaintiff at the time of his fall that construction was nonetheless underway in that area. Plaintiff further noted in his declaration that the grass around the signpost appeared to have been cut recently. In his response to several of Whaley's undisputed fact statements, Plaintiff relied on "Response to Plaintiff's Request for Production of Documents, Exhibit 4 and paragraphs 4, 12-13 & 18-20." These documents do not appear in the record, however.

The trial court held a hearing on Whaley's motion on April 3, 2023. At the hearing, Plaintiff maintained that the record contains evidence of a genuine dispute of material fact regarding Whaley's custody and control of the area outside the silt fence. The trial court

pointed out, however, that the evidence on which Plaintiff relied in his response to Whaley's motion was not in the record. Plaintiff conceded that this was true and that he did not have the pertinent information with him that day. At the end of the hearing, the trial court orally ruled that Whaley had negated an essential element of Plaintiff's claim. In relevant part, the trial court noted:

> The Court would also note that in responding to Statements of Fact 5, 6, 8, 9, 10 and 11, Plaintiff makes the same response to dispute the fact, but then for its reference to citation to the record on each of those refers to Response to Plaintiff's Request for Production of Documents Exhibit 4 in paragraphs 4, 12 to 13, and 18 to 20, but there is no such exhibit or discovery responses inside the file so the Court does not have that reference to the record to review.

> *       *       *

> Based upon that Exhibit 2 photograph and the deposition testimony of the Plaintiff, it looks like it's not in dispute that the area where he fell is outside the silt fence that creates a boundary for the area where Whaley was working.

> And so I'm going to find that [Whaley] has negated the essential facts of the Plaintiff's claim and that Plaintiff cannot prove that claim, and I'm going to grant the summary judgment.

On April 17, 2023, the trial court entered a written order reflecting its oral ruling and fully incorporating same into the final order. The trial court granted Whaley's motion and dismissed Plaintiff's claims with prejudice. From this order, Plaintiff timely appeals to this Court.

### ISSUE

Plaintiff raises one issue on appeal, which is whether the trial court erred in granting summary judgment when genuine disputes of material fact exist.

### STANDARD OF REVIEW

The trial court decided this case by summary judgment. A trial court may grant summary judgment only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The propriety of a trial court's summary judgment decision presents a question of law, which we review de novo with no presumption of correctness. *Kershaw v. Levy*, 583 S.W.3d 544, 547 (Tenn. 2019).

"The moving party has the ultimate burden of persuading the court that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008). As our Supreme Court has instructed,

> when the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense.

*Rye v. Women's Care Ctr. of Memphis*, 477 S.W.3d 235, 264 (Tenn. 2015). "[I]f the moving party bears the burden of proof on the challenged claim at trial, that party must produce at the summary judgment stage evidence that, if uncontroverted at trial, would entitle it to a directed verdict." *TWB Architects, Inc. v. Braxton, LLC*, 578 S.W.3d 879, 888 (Tenn. 2019) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986)).

When a party files and properly supports a motion for summary judgment as provided in Rule 56, "to survive summary judgment, the nonmoving party may not rest upon the mere allegations or denials of its pleading, but must respond, and by affidavits or one of the other means provided in [] Rule 56, set forth specific facts . . . showing that there is a genuine issue for trial." *Rye*, 477 S.W.3d at 265 (internal quotation marks and brackets in original omitted). "Whether the nonmoving party is a plaintiff or a defendant – and whether or not the nonmoving party bears the burden of proof at trial on the challenged claim or defense – at the summary judgment stage, '[t]he nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.'" *TWB Architects*, 578 S.W.3d at 889 (quoting *Rye*, 477 S.W.3d at 265). "This court will affirm the trial court's summary judgment if it finds that the trial court reached the correct result, 'irrespective of the reasons stated.'" *Wood v. Parker*, 901 S.W.2d 374, 378 (Tenn. Ct. App. 1995) (quoting *Clark v. Metro. Gov't of Nashville and Davidson Cnty.*, 827 S.W.2d 312, 317 (Tenn. Ct. App. 1991)).

## DISCUSSION

Plaintiff maintains that the trial court erred in granting summary judgment because there is a genuine dispute regarding whether, at the time of Plaintiff's fall, Whaley controlled the relevant area. Plaintiff urges that the trial court failed to view the evidence in the light most favorable to him and that the trial court "simply accepted [Whaley's] contention that it was not responsible for the protruding sign since the sign was outside of [Whaley's] fenced-off construction zone and since [Whaley] said that it had not touched the sign." Plaintiff further argues that "there is evidence that [Whaley] may have been responsible for the sign's presence and therefore acted negligently, causing [Plaintiff's] injuries." In response, Whaley contends that the "evidence" referenced in Plaintiff's brief

is nonexistent in the record and that Plaintiff failed to offer any admissible evidence that Whaley caused, created, or had knowledge of the cut signpost.

Here, we agree with Whaley and conclude that the trial court did not err in granting summary judgment. Like the trial court aptly noted, the evidence on which Plaintiff relied in responding to Whaley's statement of undisputed material facts is not, nor has ever been, part of the record. Indeed, Plaintiff conceded this at the summary judgment hearing:

> [THE COURT]: In response to each of those, you have said that it's in dispute. And for your reference to the record to show what the dispute is, you say see response to Plaintiff's request for production of documents, Exhibit 4, and paragraphs 4, 12 to 13 and 18 to 20. But I don't find any of that in the file, so I haven't been able to look at it to see what you're alleging.
>
> [PLAINTIFF'S COUNSEL]: And I don't think I have that information with me today.

Accordingly, many of Plaintiff's responses to Whaley's undisputed facts did not comply with Rule 56, as Plaintiff was required to point to admissible evidence to dispute Whaley's averments. *See Rye*, 477 S.W.3d at 265 (quoting Tenn. R. Civ. P. 56.06) ("[T]o survive summary judgment, the nonmoving party 'may not rest upon the mere allegations or denials of [its] pleading,' but must respond, and by affidavits or one of the other means provided in [] Rule 56, 'set forth specific facts' *at the summary judgment stage* 'showing that there is a genuine issue for trial.'"). This omission also undercuts Plaintiff's argument on appeal that the trial court failed to view the evidence in the light most favorable to Plaintiff. Given that the evidence to which Plaintiff cites is not in the record, the trial court could not view that evidence in a light more favorable to any party.

Nor does Plaintiff's declaration overcome this omission. Plaintiff opined in the declaration that the grass around the signpost appeared to Plaintiff to have been maintained. He further stated that "it also appeared that construction equipment was outside the [silt] fence, and it appeared that work was being done outside the fence as there were piles of dirt that looked as if they had been recently dug." On appeal, Plaintiff argues that his observations are enough to establish a question as to Whaley's custody and control over the signpost and survive summary judgment. Plaintiff argues, without citation to the record or supporting case law, that this "is hardly a spurious or farfetched possibility given that construction projects are rarely wholly self-contained." Plaintiff also claims in his brief that "[i]t would not be difficult to believe that [Whaley] knocked down the sign or moved it out of the fenced-off construction zone."

The problem with this argument, however, is that it is theoretical and does not establish Whaley's custody or control over the signpost. Rather, it establishes Plaintiff's *belief* that Whaley's custody or control over the signpost is a *possibility* the trial court

should explore. Nonetheless, in response to a properly supported motion for summary judgment, "[t]he nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Owings v. Owings*, 661 S.W.3d 141, 145 (Tenn. Ct. App. 2022) (quoting *Rye*, 477 S.W.3d at 265). Because Plaintiff's assertions are speculative at best and raise only "metaphysical doubt as to" Whaley's custody and control of the signpost, Plaintiff has not put forth evidence to overcome Whaley's motion. Consequently, Whaley is entitled to summary judgment, and the trial court did not err in granting same. Thus, we affirm.

## CONCLUSION

Based on the foregoing, the judgment of the Circuit Court for Blount County is affirmed. Costs on appeal are assessed to the appellant, Kenneth R. Brooks, for which execution may issue if necessary.

_____
KRISTI M. DAVIS, JUDGE