DR. WILLIAM TRAGLE, Superintendent, Central State Hospital, Petitioner,

*v.*

FRED BURDETTE, JR., Respondent.

438 S.W.2d 736.

(*Nashville,* December Term, 1968.)

Opinion filed March 17, 1969.

James C. Dale, III, Nashville, for petitioner.

Joe P. Binkley, Nashville, for respondent.

Mr. Justice Humphreys delivered the opinion of the Court.

Dr. William Tragle, Superintendent, Central State Hospital, has petitioned this Court for writs of certiorari and supersedeas to review and set aside a final order of Division III of the Criminal Court of Davidson County, made in a habeas corpus case on January 17, 1969, affirming on petition to rehear a judgment previously

made which released Fred Burdette, Jr., from petitioner's custody.

■ The Court is of opinion the petition cannot be granted. The judgment we are asked to review is a final judgment. As such, it is reviewable by appeal. If the proceeding below was in the nature of a habeas corpus proceeding, review by appeal is provided by T.C.A. sec. 23-1836. If, as petitioner insists, the proceeding should have been regarded as one for relief under the Post-Conviction Procedure Act, review by appeal is provided by T.C.A. sec. 40-3822.

The petition is for the common law writ of certiorari, and derives from our Constitution, Article 6, Section 10. But, the practice with respect to this writ is prescribed by T.C.A. sec. 27-801 et seq.

T.C.A. sec. 27-801 authorizes the writ in the cases there provided for "* * * when, in the judgment of the court, there is no other plain, speedy or adequate remedy."

T.C.A. sec. 27-802 authorizes the writ where no appeal is provided.

*State ex rel. Sullivan v. Cox,* 167 Tenn. 253, 68 S.W.2d 933, a habeas corpus case, holds that certiorari may not be awarded where there is an express provision for appellate review.

■ While this rule is subject to the qualification that the other means of redress must be adequate to meet the necessity of the case, *Connors v. City of Knoxville,* 136 Tenn. 428, 189 S.W. 870, that qualification has no application in the present case, the means of redress being adequate.

534

■ ▉ The petition must be denied for a second reason which is, that it should have been addressed to the Court of Criminal Appeals. The petition erroneously assumes that if the case is habeas corpus, appeal must be to this Court. T.C.A. sec. 23-1836 provides that appeal in habeas corpus shall be "* * * to the *proper* appellate court * * *." This can only mean that an appeal in cases essentially civil in that they do not involve detention because of an alleged criminal act, shall be made to the Court of Appeals; and that cases which are essentially criminal in that they involve detention for the commission of a crime, shall be to the Court of Criminal Appeals. By T.C.A. sec. 16-448, the Court of Criminal Appeals is given appellate jurisdiction of all criminal cases. Consistent with this Statute, it is the settled practice for habeas corpus appeals to be made to the Court of Criminal Appeals.

Accordingly, the petition is denied.