IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
May 7, 2002 Session

## STATE OF TENNESSEE v. ERICA J. HARTWELL

**Direct Appeal from the Circuit Court for Tipton County**
**No. 5470    Joseph H. Walker, Judge**

---

**No. W2001-03116-CCA-R3-CO  - Filed June 9, 2003**

---

In this appeal the appellant, Erica J. Hartwell, contends that the Circuit Court of Tipton County, Tennessee, erred in denying her a writ of certiorari to review and vacate the orders of the Tipton County General Sessions Court revoking the appellant's probation. She maintains that the general sessions court conducted the probation revocation hearing without proper notice and without informing her of her right to an attorney at the hearing and her right to appeal. We hold that under the circumstances the writ of certiorari is not available. The judgment of the circuit court is therefore AFFIRMED.

**Tenn. R. App. P. 3; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

C. Michael Robins, Massey, McClusky & Robbins, Memphis, Tennessee, for appellant, Erica J. Hartwell.

Paul G. Summers, Attorney General & Reporter; P. Robin Dixon, Jr., Assistant Attorney General; Elizabeth Rice, District Attorney General, for appellee, State of Tennessee.

**OPINION**

Factual Background

Upon her guilty pleas for three counts of theft under $500, on October 12, 1999, the defendant received a total sentence of 11 months and 29 days suspended to time served. As a condition of her probation, the defendant was ordered by the Tipton County General Sessions Court to pay $339.75 in restitution within seven days and the remaining balance and court costs within 90 days. When the defendant did not meet with her probation officer or pay restitution, a warrant dated October 19, 1999 was issued. The defendant contends that she was arrested on October 11, 2000. A probation revocation hearing was held on October 17, 2000, and the defendant was incarcerated

for failure to pay restitution and failure to report to her probation officer. The defendant was later released and returned to county probation on June 19, 2001. On September 4, 2001, the defendant filed a Petition for Writs of Constitutional Certiorari and Supersedeas, requesting that the trial court vacate the October 17 order that revoked her probation and the June 19 order that placed her on probation a second time. The trial court denied the defendant's request to vacate the orders of the Tipton County General Sessions Court. The appeal to this Court followed.

<u>Applicability of the Writ of Certiorari</u>

The writ of certiorari derives from Article 6, Section 10 of the Constitution of Tennessee, but the practice with respect to how and when it may be obtained is set out in statutory provisions enacted by the General Assembly of Tennessee. <u>Tragle v. Burdette</u>, 438 S.W.2d 736, 737 (Tenn. 1969). Today, the statutory provisions regarding the writ are found at Tennessee Code Annotated section 27-8-101, <u>et</u> <u>seq</u>. The remedy of certiorari is not available as of right, but is only to be granted under unusual or extraordinary circumstances. <u>Clark v. Metropolitan Gov't of Nashville</u>, 827 S.W.2d 312, 316 (Tenn. App. 1991). The writ may also not take the place of an appeal when an express provision for an appeal is available. <u>Burdette</u>, at 737; <u>Sullivan v. Cox</u>, 167 Tenn. 253, 68 S.W.2d 933 (1934); although, there are some circumstances such a fraud, contrivance by the opposing party or the court, or the willful or negligent act of the court clerk that will excuse the failure to pursue an available appeal and permit review by way of certiorari. See e.g. <u>McMurry v. Milan</u>, 32 Tenn 176 (1852); <u>Belcher v. Belcher</u>, 18 Tenn. 121 (1836); <u>Kearney v. Jackson</u>, 9 Tenn. 294 (1830); <u>General Motors Acceptance Corp. v. Dennis</u>, 675 S.W.2d 489 (Tenn. App. 1984).

At the time the general sessions court revoked the appellant's probation, Tennessee Code Annotated section 27-5-108 (2000)[1] provided:

> (a) Any party may appeal from an adverse decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with the provisions of this chapter.
> (b) This provision allowing ten (10) days in which to perfect an appeal shall apply in every county of Tennessee, any provision of any private act to the contrary notwithstanding, it being the legislative intent to establish a uniform period of ten (10) day in which any such appeal may be perfected in any county in Tennessee.
> (c) Any appeal shall be heard de novo in the circuit court.
> (d) If no appeal is taken within the time provided, then execution may issue.

---

[1] In 2002 the General Assembly of Tennessee amended this statute to specify how appeals in multiple party comparative fault cases are to be appealed from general sessions court to the circuit court. In all other respects the statute is identical to the version set out above.

The Attorney General of this state has opined that this statute is the appropriate vehicle to review a revocation of probation in general sessions court. See 2001 WL 1218266 (Tenn. A.G.). We are persuaded the Attorney General is correct in his opinion. It therefore appears that the writ of certiorari is not proper in this case unless the appellant can demonstrate sufficient excuse for not availing herself of her appellate rights under section 27-5-108 (2000).

In the instant case the appellant's general sessions probation was revoked on October 17, 2000, she was incarcerated and returned to probation on June 19, 2001. The petition for writ of certiorari was not filed until September 4, 2001.[2] The appellant offers no excuse for this delay and the failure to pursue her statutory appeal in a timely fashion other than to maintain that the geneal sessions judge did not inform her of her right to an attorney and to appeal his decision. Whether the general sessions judge did or did not inform the appellant of her rights does not, in these circumstances, excuse her from taking steps on her own to contact an attorney and/or to avail herself for an appeal. Having been represented by the public defender on the original charges, one would think the appellant would have made efforts to contact that attorney and inform counsel of her alleged predicament. The appellant makes no allegation that she was isolated by the authorities or prevented from contacting an attorney. Indeed, she ultimately did find an attorney almost a year after the probation revocation proceeding.

Our system of criminal justice makes extraordinary efforts to keep individuals caught up in it informed of their legal rights. If it does, on occasion, fail to do so, as the appellant suggests, the effected individual should not be absolved of all responsibility for taking measures to protect themselves. We do not believe mere ignorance of an individual as to his or her appellate rights is a sufficient basis for excusing the filing of an appeal and allowing review of the inferior tribunal's actions by way of certiorari. Therefore, the circuit judge was correct to deny the petition for the writ of certiorari.

<u>Conclusion</u>

In light of the foregoing, the judgment of the circuit court is AFFIRMED.

_____

JERRY L. SMITH, JUDGE

---

[2]The State contends this case is moot because the appellant's sentence expired on October 3, 2001. Although the States makes a compelling argument, we believe that because the appellant's unsuccessful first try at probation will remain on her criminal record and can be used against her at sentencing for any future criminal convictions she may incur, this appeal should not be dismissed on grounds of mootness.