# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## TIMOTHY EARL WATERS, Pro Se v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-27651   Carolyn W. Blackett, Judge**

---

**No. W2003-02460-CCA-R3-CO  - Filed May 10, 2004**

---

The Petitioner, Timothy Earl Waters, appeals the trial court's summary dismissal of his petition for common law writ of certiorari seeking relief from a post-conviction judgment. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. Finding that the lower court properly dismissed the petition, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and JOE G. RILEY, JJ., joined.

Timothy Earl Waters, pro se.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

Petitioner was convicted of first-degree murder and assault with intent to commit first-degree murder and was sentenced to consecutive life terms. *See State v. Timothy Earl Water*, CCA No. 107 (Tenn. Crim. App. at Jackson, Jul. 18, 1990); *see also Timothy Earl Waters v. State*, No. 02C01-9604-CR-00113, 1996 WL 715425, *1 (Tenn. Crim. App. at Jackson, Dec. 13, 1996), *perm. to appeal denied*, (Tenn. Jul. 21, 1997). He, subsequently, petitioned for post-conviction relief, alleging ineffective assistance of trial and appellate counsel, unconstitutional jury instructions, improper closing argument by the State, and the State's failure to disclose exculpatory evidence. *See Timothy Earl Waters v. State*, No. 02C01-9604-CR-00113, 1996 WL 715425, *1. The trial court

1

denied relief, and this Court affirmed the lower court. *Id.* On November 12, 2002, Petitioner sought habeas corpus relief, alleging that his judgments are void. Specifically, he "challenge[d] a void judgment that has continued his incarceration by the use of extrinsic fraud that procured the judgment during the state post-conviction proceedings." The trial court denied habeas relief, finding, in part, that habeas corpus relief is not appropriate to correct problems with a post-conviction hearing. *See Timothy Earl Waters v. Bruce Westbrooks, Warden*, No. W2002-02893-CCA-R3-CO (Tenn. Crim. App. at Jackson, Apr. 8, 2003) (*order*). This Court affirmed the lower court's decision. *Id.*

On September 8, 2003, Petitioner filed a "Petition for Common Law Writ of Certiorari" in the Shelby County Criminal Court. In the petition, Petitioner avers that he seeks relief from a post-conviction judgment entered by Judge W. Fred Axley that was based upon subornation of fraudulent testimony by the State. By order entered September 29, 2003, the trial court summarily dismissed the petition. Specifically, the lower court found that the Petitioner essentially sought review of the post-conviction ruling of another trial judge. The trial court further concluded that the court was without authority to review "rulings made by courts with concurrent authority. The Petitioner now seeks this Court's review of the lower court's dismissal.

The State seeks this Court's affirmance of the lower court's dismissal under the authority of Rule 20, Rules of the Court of Criminal Appeals. The State asserts that the writ of certiorari is not applicable in this case and that the Shelby County Criminal Court was without authority to review the rulings of a court with concurrent jurisdiction.

The common law writ of certiorari has been codified in Tennessee Code Annotated section 27-8-101 (2000). Section 27-8-101 provides:

> The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy. This section does not apply to actions governed by the Tennessee Rules of Appellate Procedure.

Generally, the writ of certiorari is limited in application and does not normally lie to inquire into the correctness of a judgment issued by a court with jurisdiction. *State v. Adler*, 92 S.W.3d 397, 401 (Tenn. 2002); *State v. Johnson*, 569 S.W.2d 808, 815 (Tenn. 1978). A writ of certiorari is an order from a superior court to an inferior tribunal to send up a complete record for review, so that the court can determine whether that tribunal has exceeded its jurisdiction, or has acted illegally, fraudulently or arbitrarily. *Yokley v. State*, 632 S.W.2d 123, 126 (Tenn. Ct. App. 1981). The writ is not available as a matter of right; its grant or denial is within the sound discretion of the trial court, and will not be reversed on appeal unless there is abuse of that discretion. *Boyce v. Williams*, 215 Tenn. 704, 389 S.W.2d 272, 277 (1965).

2

Petitioner seeks review of the lower court's denial of post-conviction relief by another division of the Shelby County Criminal Court. Review of the lower court's denial of post-conviction relief was available as of right and Petitioner availed himself to this remedy. *See Timothy Earl Waters v. State*, No. 02C01-9603-CR-00113, 1996 WL 715425, *1. This Court affirmed the lower court's denial of relief. *Id.* Certiorari is not appropriate when another avenue of review exists. *See* Tenn. Code Ann. § 27-8-101; *see also Tragle v. Burdette*, 222 Tenn. 531, 533, 438 S.W.2d 736 (1969) (grant of writ is improvident where express provision for appellate review). Additionally, a writ of certiorari may only be granted where an *inferior tribunal* has exceeded its jurisdiction or acted illegally. Tenn. Code Ann. § 27-8-101. The Shelby County Criminal Court properly held that it was without authority to grant the writ in a challenge to its own action.

Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE