IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 21, 2005

## STATE OF TENNESSEE v. CECIL MOSS

**Appeal from the Circuit Court for Dickson County**
**Nos. CR131, CR132      Robert E. Burch, Judge**

------

**No. M2005-00279-CCA-R3-CO - Filed November 18, 2005**

------

The defendant, Cecil Moss, filed two motions in Dickson County Circuit Court requesting pretrial jail credits and sentencing credits on his two convictions for sale of cocaine and the trial court denied both motions. The defendant appeals, contending the trial court erred in denying him jail credit. We hold that this case is not properly before this court because no appeal as of right exists from the trial court's dismissal of the motions, and we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and J.C. MCLIN, J., joined.

William Bradley Lockert, III, District Public Defender, and Christopher L. Young, Assistant Public Defender, for the appellant, Cecil Moss.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Dan Mitchum Alsobrooks, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On May 15, 1992, the defendant entered guilty pleas to two counts of the sale of cocaine, a Class B felony, and was sentenced to concurrent eight-year Community Corrections sentences. The defendant violated the Community Corrections program in June 1993, but the trial court allowed the defendant to remain in the program. On May 13, 1994, the trial court transferred the defendant to state probation for the remainder of his sentence, six years and two days. The defendant's probation officer filed a probation violation warrant December 30, 1996, claiming he violated three rules of his probation. The defendant absconded until November 2001, when the Tennessee Board of Probation and Parole learned he had been arrested in Montgomery County on September 22, 2001. On December 12, 2001, the trial court signed a second probation violation warrant, which alleged that the defendant failed to report his arrests in Montgomery County. Written on the face of the warrant were the statements "Faxed to Montgomery Co. 12-17-01" and "8-9-02 Verified he is in

Montgomery Co Jail [and] we still have a hold placed." Dickson County served the probation violation warrant on the defendant on September 9, 2002. On January 29, 2003, the Dickson County Circuit Court revoked the defendant's probation and ordered him to serve the remainder of his sentence, six years and two days, in the Department of Correction.

The defendant appealed, and this court affirmed the trial court. State v. Cecil Moss, No. M2003-00477-CCA-R3-CD, Dickson County (Tenn. Crim. App. Feb. 25, 2004), app. denied (Tenn. Sept. 13, 2004). Before this court filed its decision, the defendant also filed a petition for habeas corpus relief. The habeas corpus court summarily dismissed the defendant's petition, the defendant appealed to this court, and we affirmed the dismissal of the defendant's petition. Cecil Moss v. State, No. M2004-00787-CCA-R3-HC, Montgomery County, slip op. 1-6 (Tenn. Crim. App. Feb. 15, 2005), app. denied (Tenn. May 2, 2005). In the appeal, the defendant contended the trial court erred in failing to order sentencing credits in various judgments and orders. Id. slip op. at 5. This court noted that the issue was waived because the defendant did not raise the issue in his habeas corpus petition but held that time credits are inappropriate considerations in a habeas corpus proceeding and should be addressed through the Uniform Administrative Procedures Act. Id.

On August 5 and December 1, 2004, the defendant filed two motions for pretrial jail credit and sentencing credits. The defendant requested credit for the following dates: 1) from January 6, 1992, the date of his arrest, to May 15, 1992, the date of his conviction; 2) from December 17, 2001, the date Dickson County placed a hold on him, to January 29, 2003, the date the trial court ordered him to serve the remainder of his sentence in the Department of Correction; 3) from September 22, 2001, the date of his arrest, to January 29, 2003, the date the trial court ordered him to serve the remainder of his sentence; 4) from January 29, 2003, the date the trial court ordered him to serve the remainder of his sentence, to August 2, 2004, the date he drafted his first motion for sentencing credits; and 5) various good time credits for 496.4 days.

The trial court entered an Order Denying Sentence Credit in response to the defendant's two motions without holding a hearing. The trial court stated:

> In this action, the defendant has filed two motions requesting sentence credits against his sentence in the above styled cases. . . . This Court treats both motions together.
>
> . . . .
>
> 1. The undersigned has personally inquired of the Dickson County Jail in order to determine the dates of Defendant's incarceration and was informed that these records no longer can be found. Defendant has waived any consideration of this claim by failing to present it for more than twelve (12) years. His orders of conviction show no credit for time served, thus placing Defendant on

-2-

notice in May of 1992 that he was receiving no credit for this period of time.

2. & 3. During this period of time the defendant was in the Montgomery County Jail awaiting trial on other charges. He received no credit against his sentence for this time.

4. Defendant is entitled to receive credit upon his sentence for incarceration since the date of his penitentiary sentence (January 29, 2003). This Court, however, does not have the authority to grant this time to Defendant. This is the function of the Department of Corrections.

5. This Court does not have the power to determine any statutory sentence credits which Defendant is entitled to receive. This is the function of the Department of Corrections. If Defendant disagrees with the Department's computation of his statutory sentence credits, he must file an action in the Chancery Court of Davidson County under the Administrative Procedures Act.

In the present appeal, the defendant contends the trial court should have either granted his request for pretrial jail credit, credit for the time in Montgomery County jail, and good time credits or granted him an evidentiary hearing. He contends the trial court had jurisdiction to award jail credit because he remained in the Montgomery County jail and did not enter the Department of Correction. He asserts the trial court erred in denying his request for jail credit from the day Dickson County placed a hold on him until the day the trial court revoked his probation. He also asserts that the trial court should have held an evidentiary hearing to determine the status of the charges in Montgomery County and that it should have reserved judgment until those charges were resolved.

The state asserts the trial court properly denied the defendant's motions for jail credit. It claims it never agreed the defendant would receive jail credit. The state claims under the doctrine of laches the defendant should not be allowed to litigate a claim for jail credit from 1992, which had been "muddied" by the passage of time and lost records. The state asserts the trial court does not have jurisdiction over the defendant. Finally, the state asserts the defendant is precluded from "double dipping" by earning credits on his 1992 Dickson County sentence while in the Montgomery County jail on unrelated charges.

We note at the outset that the defendant does not have an appeal as of right from his motions for requesting sentencing credit. Rule 3(b) of the Tennessee Rules of Appellate Procedure contemplates an appeal from a judgment of conviction, "from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding." The rule does not permit a direct appeal from a trial court's dismissal

of a motion requesting sentencing credits. See Jonathan Malcolm Malone v. State, M2004-02826-CCA-R3-CO, Rutherford County, slip op. at 3 (Tenn. Crim. App. June 6, 2005) (dismissing defendant's appeal pursuant to Rule 3 from a denial of defendant's motion for jail credit); State v. Louis Clyde Jackson, E2003-02019-CCA-R3-CD, Rutherford County, slip op. at 2 (Tenn. Crim. App. October 26, 2004) (dismissing the defendant's appeal pursuant to Rule 3 from the denial of defendant's motion to correct and/or amend judgment); State v. Greg Smith, E2003-01092-CCA-R3-CD, Campbell County, slip op. at 4 (Tenn. Crim. App. Feb. 18, 2004) (dismissing defendant's appeal pursuant to Rule 3 from the denial of his motion to increase the number of pretrial jail credits awarded). However, in the interest of justice, the appellate court may transform an improperly filed appeal into a petition for a writ of certiorari. State v. Leath, 977 S.W.2d 132, 135 (Tenn. Crim. App. 1998); see T.R.A.P. 36(a).

Tennessee Code Annotated section 27-8-101 provides:

> The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy. This section does not apply to actions governed by the Tennessee Rules of Appellate Procedure.

See Moody v. State, 160 S.W.3d 512, 515 (Tenn. 2005). "Generally, the writ of certiorari is limited in application and may not ordinarily be used 'to inquire into the correctness of a judgment issued by a court with jurisdiction.'" Id. (quoting State v. Adler, 92 S.W.3d 397, 401). Certiorari should be granted only under "unusual or extraordinary circumstances." State v. Hartwell, 124 S.W.3d 629, 631 (Tenn. Crim. App. 2003). The Tennessee Supreme Court has recognized that this court has occasionally reviewed illegal sentence claims through a writ of certiorari. Moody, 160 S.W.3d at 515. However, the supreme court stated "reliance on Burkhart as supporting certiorari review of the denial of a motion to correct an illegal sentence is misplaced." Id. The supreme court held "[a]lthough a trial court may correct an illegal sentence at any time, appellate courts may not review the denial of a motion to correct an illegal sentence through the common law writ of certiorari." Id.

We do not reach the issue of whether the failure to award pretrial jail credit makes the sentence illegal. Under Moody, the outcome of this appeal is the same whether the sentence is legal or illegal. If the sentence is legal, the appeal is not properly before this court because the Tennessee Supreme Court stated that "the writ of certiorari is limited in application and may not ordinarily be used 'to inquire into the correctness of a judgment issued by a court with jurisdiction.'" 160 S.W.3d at 515 (quoting Adler, 92 S.W.3d at 401). If the sentence is illegal, the Tennessee Supreme Court held that the proper procedure to challenge an illegal sentence is through a petition for writ of habeas corpus, not through a direct appeal pursuant to Tennessee Rule of Appellate Procedure 3(b) or through certiorari review. Moody, 160 S.W.3d at 516. Therefore, this appeal is not properly before us.

## CONCLUSION

Based on the foregoing authorities and reasoning, we dismiss the appeal.

_____
JOSEPH M. TIPTON, JUDGE