IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, February 7, 1011

**JESSE L. ROGERS, III., v. STATE OF TENNESSEE**

**Appeal from the Chancery Court for Johnson County**
**No. 6445      Hon. Thomas R. Frierson, II., Chancellor**

**No. E2010-01353-COA-R3-CV - Filed March 31, 2011**

Plaintiff, an incarcerated prisoner, appealed a Circuit Court's decision dismissing his writ of habeas corpus to Chancery Court. The Chancellor held that an appeal from Circuit Court would not lie in Chancery Court which has no jurisdiction to try a writ of habeas corpus related to criminal proceedings. On appeal, we affirm the Judgment of the Chancery Court and remand.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Jesse L. Rogers, III., Mountain City, Tennessee, *pro se*.

Robert E. Cooper, Jr., Attorney General and Reporters, Matthew Bryant Haskell, Assistant Attorney General, Nashville, Tennessee, for the appellee, State of Tennessee.

**OPINION**

*Pro se* petitioner/appellant, Jesse Lee Rogers, III, is currently incarcerated at the North East Correctional Complex in Mountain City, Tennessee. In 1994 he entered a guilty plea to charges of first degree murder and attempt to commit first degree murder and was sentenced to life and 20 years consecutive to life. On April 15, 2010, petitioner filed a petition for a writ of certiorari in the Johnson County, Tennessee Chancery Court. The

petition for a writ of certiorari sought a review of the Johnson County Circuit Court's March 2, 2010 denial of petitioner's petition for habeas corpus relief, which he filed in the Circuit Court on October 9, 2006. The petitioner sought habeas corpus relief from his convictions of first degree murder and attempted first degree murder. The petition for writ of certiorari filed in Chancery Court also appears to independently seek habeas corpus relief.

The State filed a motion to dismiss the petition for writ of certiorari on May 21, 2010, and the Chancery Court dismissed the petition for writ of certiorari without a hearing on May 25, 2010.

The petitioner timely filed a notice of appeal.

The issue on appeal is:

Did the Chancery Court properly dismiss the appellant's petition for writ of certiorari?

The issue on appeal is purely a question of law, and we review the trial court's conclusions of law under a purely *de novo* standard with no presumption of correctness. *Taylor v. Fezell,* 158 S.W.3d 352, 357 (Tenn. 2005)*, Union Carbide Corp. v. Huddleston* 854 S.W.2d 87, 91 (Tenn. 1993).

The Chancery Court did not err when it denied Mr. Rogers' petition for a writ of certiorari which sought review of a decision made by the Johnson County Circuit Court. The petition specifically stated that petitioner choose to file the writ of certiorari "in place of an appeal from the dismissal of a petition for writ of habeas corpus" by the Circuit Court.

The Chancery Court was not in error because the Circuit Court is not an inferior court to the Chancery Court, and the Chancery Court cannot review the Circuit's Court's decision. Moreover, the Circuit Court did not exceed its jurisdiction, it did not act illegally and petitioner had the remedy of appealing the Circuit Court's decision to this Court. To the extent the petition for writ of certiorari sought habeas corpus relief, a chancery court does not have subject matter jurisdiction over a petition for writ of habeas corpus.

Tenn. Code Ann. § 27-8-101 provides the circumstances under which a petitioner can obtain relief by filing a petition for writ of certiorari:

The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy. This section does not apply

to actions governed by the Tennessee Rules of Appellate Procedure.

The petition for writ of certiorari filed by petitioner is inappropriate under the provisions of the cited code section for several reasons. First, the Circuit Court is not an inferior tribunal to the Chancery Court. *See* Tenn. Code Ann. § 16-11-102. Second, petitioner had the right to file an appeal of the Circuit Court's dismissal of the petition for writ of habeas corpus with this Court, thus he had access to a "plain, speedy, or adequate remedy". He chose not to avail himself of his right to appeal. The court in *State v. Hartwell*, 124 S. W. 3d 629 (Tenn. Crim. App. 2003) explained that although the writ of certiorari may not take the place of an appeal when an express provision for an appeal is available, there are certain circumstances, such as fraud, contrivance by the opposing party or the court, or the willful or negligent act of a clerk of court, that will excuse the failure to pursue an available appeal and permit review by way of certiorari. *Id.* at 631. Petitioner does not assert that any exceptional circumstances prevented him from filing an appeal of the circuit court's decision. (He expressly stated that he chose to file the petition for writ of certiorari instead of filing an appeal.)

Further, there is nothing in the record to indicate, nor does petitioner allege that the Circuit Court "exceeded its jurisdiction" or acted illegally when it denied the petition for writ of habeas corpus. Accordingly, the Chancery Court correctly dismissed petitioner's request, via writ of certiorari, for review of the Circuit Court's dismissal of the petition for habeas corpus relief.

Finally, to the extent the petition for writ of certiorari includes a prayer for habeas corpus relief, as stated, the Chancery Court did not have subject matter jurisdiction to consider such a remedy. *See Dean v. Turner*, W2007-00744-COA-R3-CV, 2007 WL 4404112 at *2 (Tenn. Ct. App. Dec. 18, 2007)(Chancery Court has no jurisdiction over criminal matters and a chancellor may not grant the writ of habeas corpus to enquire into the restraint of prisoners or the validity of a criminal conviction).

Accordingly, we affirm the Chancery Court Judgment dismissing Rogers' petition for writ of certiorari. The case is remanded and the cost of the appeal is assessed to Jesse Lee Rogers.

_____
HERSCHEL PICKENS FRANKS, P.J.