IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 27, 2012

## STATE OF TENNESSEE v. WILLIAM LYNN BOLING, JR.

**Appeal from the Circuit Court for Blount County**
**No. C-7558, C-7649, C-7650, C-7825     David R. Duggan, Judge**

_____

**No. E2011-02747-CCA-R3-CD - Filed September 21, 2012**

_____

The Defendant, William Lynn Boling, Jr., filed a motion in the Circuit Court for Blount County requesting jail credits for time he spent on furlough. The trial court denied the motion. On appeal, we conclude that this case is not properly before this court because no appeal as of right exists from the trial court's denial of the motion. We dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee (on appeal); and Mack Garner, District Public Defender (at hearing), for the appellant, William Lynn Boling, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Mike Flynn, District Attorney General; and Clinton Frazier, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On September 30, 2003, the Defendant pleaded guilty to three counts of aggravated burglary, a Class C felony, and received a Range I, five-year sentence to be served on community corrections for each count. See T.C.A. § 39-14-403 (2010). He also pleaded guilty to three counts of theft of property valued at $1000 or more but less than $10,000, a Class D felony, and received a Range I, three-year sentence to be served on community corrections for each count. See id. §§ 39-14-103, -105(3) (2010). All of the sentences were imposed concurrently, for an effective five-year sentence. After a violation warrant issued in December 1993, the trial court revoked his community corrections placement in April

2006 and placed him on probation. A violation warrant was filed in August 2008. The Defendant's probation was revoked in October 2008, and he was placed on supervised probation and ordered to complete a drug treatment program. A revocation warrant was filed in August 2009, and the Defendant was arrested. In October 2009, he was granted furlough from the jail to attend a rehabilitation program. He did not complete the rehabilitation program successfully and tested positive for narcotics. The trial court revoked his furlough in August 2010. It revoked his probation in February 2011 and ordered him to serve his sentence. The court awarded jail credit and community corrections credit but did not award jail credit for the time the Defendant was on furlough to attend a rehabilitation program. The Defendant did not appeal the probation revocation. On November 18, 2011, the Defendant, through counsel, made an oral motion for credit for the time he was on furlough to attend a rehabilitation program. The court denied the order.

On appeal, the Defendant contends that the trial court erred in denying jail credit for his furlough to attend his rehabilitation program. The State counters that the appeal should be dismissed because the Defendant has no appeal as of right from the trial court's order denying the motion. We agree with the State.

In State v. Jimmy Cantrell, No. M2007-00048-CCA-R3-CD (Tenn. Crim. App. Dec. 18, 2007), this court dismissed an appeal of a trial court's denial of furlough credits while the defendant was enrolled in a drug court program. "[A]n appeal of the denial of a motion to award jail credit is not a proper ground for appeal under Tennessee Rule of Appellate Procedure 3(b)[.]" Id.; see also State v. Noah Chris Russ, No. M2007-00626-CCA-R3-CD (Tenn. Crim. App. Mar. 10, 2008) (holding that T.R.A.P. 3(b) did not provide an appeal as of right from the trial court's denial of sentencing credits for time the defendant spent in a drug court program).

We acknowledge that an appellate court may, in the interest of justice, consider an improperly filed appeal as a petition for the writ of certiorari. See, e.g., State v. Leath, 977 S.W.2d 132, 135 (Tenn. Crim. App. 1998). Tennessee Code Annotated section 27-8-101 provides:

> The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy. This section does not apply to actions governed by the Tennessee Rules of Appellate Procedure.

See Moody v. State, 160 S.W.3d 512, 515 (Tenn. 2005). "Generally, the writ of certiorari is limited in application and may not ordinarily be used 'to inquire into the correctness of a judgment issued by a court with jurisdiction.'" Id. (quoting State v. Adler, 92 S.W.3d 397, 401 (Tenn. 2002)). Certiorari should be granted only under "unusual or extraordinary circumstances." State v. Hartwell, 124 S.W.3d 629, 631 (Tenn. Crim. App. 2003). This case is not appropriate for review by a writ of certiorari. See, e.g., State v. Cecil Moss, No. M2005-00279-CCA-R3-CO (Tenn. Crim. App. Nov. 18, 2005) (holding that the defendant's appeal of the trial court's denial of jail credits was not appropriate for certiorari review), perm. app. denied (Tenn. Mar. 27, 2006); State v. Michael L. Calandros, E2004-02382-CCA-R2-CD (Tenn. Crim. App. June 23, 2005) (certiorari review was not appropriate in case involving denial of jail credits). But see State v. Teresa L. Herman, No. M2006-01384-CCA-R3-CD (Tenn. Crim. App. Nov. 5, 2007) (considering an improperly filed Rule 3 appeal as a petition for a writ of certiorari when the trial court acted without legal authority in granting sentence credits toward the mandatory forty-eight-hour jail service required for D.U.I. for time the defendant spent in an inpatient competency evaluation) (2-1 decision).

In consideration of the foregoing and the record as a whole, the appeal is dismissed.


_____
JOSEPH M. TIPTON, PRESIDING JUDGE