IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 12, 2015

**STATE OF TENNESSEE v. TIMOTHY L. JEFFERSON**

**Appeal from the Circuit Court for Davidson County
No. 15C1312    Amanda McClendon, Judge**

_____

**No. M2015-01321-CCA-R3-CD – Filed March 23, 2016**

_____

Timothy L. Jefferson ("the Petitioner") appeals from the summary dismissal of his Petition for Writ of Certiorari and Supersedeas ("the Petition") for failure to make partial payment of the initial filing fee. Upon review, we hold that the Petitioner filed sufficient documentation to show that he was unable to make partial payment of the initial filing fee. However, we conclude that the trial court properly dismissed the Petition because the writ of certiorari is not available in this case. Therefore, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and CAMILLE R. MCMULLEN, JJ., joined.

Timothy L. Jefferson, Tiptonville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Brent Cherry, Senior Counsel; and Glenn Funk, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Factual and Procedural Background**

Following the Petitioner's confession to police, he was arrested in connection with the 1999 shooting death of Mr. Mohammad Rafeat. Timothy L. Jefferson v. State, No. M2014-00756-CCA-R3-ECN, 2015 WL 2128606, at *1-2 (Tenn. Crim. App. May 6, 2015), perm. app. denied (Tenn. Aug. 14, 2015). The Petitioner was initially charged in juvenile court, but his case was subsequently transferred to criminal court. Timothy L.

Jefferson v. State, No. M2002-02393-CCA-R3-PC, 2004 WL 300121, at *1 (Tenn. Crim. App. Feb. 17, 2004), perm. app. denied (Tenn. Sept. 7, 2004). There, he was indicted for first degree murder and especially aggravated robbery. Id. He pleaded guilty to second degree murder and was sentenced to forty years' incarceration. Id. The especially aggravated robbery charge was dismissed. Id.

The Petitioner filed a timely petition for post-conviction relief alleging that he received ineffective assistance of counsel and that his guilty plea was entered involuntarily or unknowingly. Timothy L. Jefferson, 2004 WL 300121 at *1. The post-conviction court denied the petition, and this court affirmed the denial on appeal. Id. at *4. In August of 2010, the Petitioner filed a pro se petition for writ of habeas corpus, in which he attempted to relitigate issues raised in his post-conviction petition. Timothy L. Jefferson, 2015 WL 2128606, at *3. The habeas corpus court denied relief, and the Petitioner did not seek an appeal from that decision. Id.

In August 2011, the Petitioner filed an untimely petition for writ of error coram nobis challenging the validity of his confession. Timothy L. Jefferson v. State, No. M2011-01653-CCA-R3-CO, 2012 WL 1951094, at *1 (Tenn. Crim. App. May 31, 2012), perm. app. denied (Tenn. Aug. 16, 2012). The coram nobis court summarily dismissed the petition, and this court affirmed the dismissal on appeal. Id. at *1, *3.

In January 2014, the Petitioner filed a second untimely petition for writ of error coram nobis, asserting that the detective who took his confession had been the subject of multiple disciplinary proceedings. Timothy L. Jefferson, 2015 WL 2128606, at *3. The coram nobis court summarily dismissed the petition on the grounds that it was time-barred, presented previously litigated issues, and failed to state a cognizable claim for relief. Id. This court affirmed the dismissal on appeal. Id. at *9.

On April 6, 2015, the Petitioner filed a Petition for Writ of Certiorari and Supersedeas ("the Petition") in the Davidson County Circuit Court, which is the subject of the instant appeal. The Petitioner alleged that the Davidson County Juvenile Court deprived the Petitioner of due process because the Petitioner did not receive "a full and fair [transfer] hearing before the juvenile judge[.]" Specifically, the Petitioner argued, "[T]he [P]etitioner should not have been tried as an adult, when his rights as a minor under [Tennessee Code Annotated sections] 37-1-115 and 37-1-127[] were violated, and the extra-judicial statements taken in violation of the rights accorded by the statute(s), should have been suppressed at the acceptance hearing." The Petitioner contended that, had his "extra-judicial" statements been suppressed, the evidence would "preponderate[] against the trial court's finding that the [P]etitioner should be tried as an adult."

On April 10, 2015, the Davidson County Circuit Court filed an order stating that the Petitioner had failed to file with the Petition a pauper's oath, an affidavit setting forth

- 2 -

information required by Tennessee Code Annotated section 41-21-805, and partial payment of the filing fee as required by Tennessee Code Annotated section 41-21-807. The Petitioner was given twenty days "to comply with the requirements cited above or the case [would] be dismissed." On April 29, 2015, the Petitioner filed a notice indicating that he was attempting to comply with the court's order and asserting that prison officials were "depriving [the Petitioner] of the requested documents in their control." On May 1, 2015, the Petitioner filed a motion for appointment of counsel; a Uniform Civil Affidavit of Indigency; a Certification of Inmate Trust Fund Balance, stating that, as of April 24, 2015, the Petitioner "currently has a cash balance of $0 is his inmate trust fund account. And, the average balance for the past six (6) months has been $0"; and an Inmate Affidavit Pursuant to Tennessee Code Annotated section 41-21-805 *et. seq.* On June 12, 2015, the Petitioner filed a motion for determination of status of his case. On June 24, 2015, the trial court filed an order summarily dismissing the Petitioner's case for failing to make partial payment of the filing fee. This timely appeal followed.

## II. Analysis

The Petitioner raises the following issues on appeal: (1) whether the trial court properly applied Tennessee Code Annotated section 41-21-807(b)(1) to determine that the Petitioner had failed to file the partial payment of the filing fee and (2) whether the trial court erred when it summarily dismissed the Petition.[1] The Petitioner's brief is not

---

[1] We interpret the Petitioner's brief to raise the issues as stated above. As written in his brief, the Petitioner sets forth the issues as follows:

(1) Whether the trial court committed fundamental error in arbitrarily dismissing [the Petitioner's] Writ of Certiorari and Supersedeas Petition on the grounds of not complying with the court's order of filing the partial payment of the filing fee, where the trial court pretermitted the issue of determining the [Petitioner's] indigency[;]

(2) Whether the trial court pretermitted the correct standard of review under the definite mandate of a Rule of Law in Tennessee under [Tennessee Code Annotated section] 41-21-807(b)(1), relating to determining [the Petitioner's] indigency—prior to issuing its order where the statute mandates that, in abiding the statute: the court shall assess, "and when funds exist," collect as a partial payment of any court fees required by law, an initial partial filing fee of twenty percent (20%) of the greater average monthly: (A) deposits to the inmate's account; or (B) balance in the inmate's counts for the sixth-month period immediately preceding the filing of the complaint or notice of appeal[; and]

(3) Whether the trial court pretermitted the correct standard of review under the establish[ed] precedent as applied and interpreted in [Bob, a slave v. State, 10 Tenn. 173 (1826)], relating to use of certiorari prior to issuing its summary dismissal of [the Petition], where the trial court's findings of fact are "clearly erroneous" and ought not to stand if by law there is any means provided by which it can be set aside and avoided.

clear, but we interpret his argument to assert that the trial court improperly reviewed the issue of the Petitioner's indigency and arbitrarily dismissed the Petition.

The State argues that the Davidson County Circuit Court lacked jurisdiction to consider the Petition because "the reviewing court is the Circuit Court of Davidson County and the Criminal Court of Davidson County is not a 'lower tribunal' to the Circuit Court of Davidson County." Additionally, the State argues that the writ of certiorari is not available for the Petitioner's challenge to the juvenile court's order transferring the Petitioner to criminal court. Further, the State contends that the Petitioner has waived review of the juvenile transfer hearing because he failed to raise the issue in a hearing before the trial court or on direct appeal. Finally, the State asserts that the Petitioner is not entitled to relief because he failed to make partial payment of the filing fee as required by law.

*Jurisdiction*

As an initial matter, we address the State's contention that the Circuit Court of Davidson County did not have jurisdiction to consider the Petition. The State claims that because the Petitioner sought review of a decision from the Criminal Court of Davidson County, which is not a lower tribunal to the Circuit Court of Davidson County, the Circuit Court lacked jurisdiction. However, the State misapprehends the claims raised in the Petition. The Petitioner asks the Circuit Court to review the transfer order from the Juvenile Court of Davidson County, which is a lower tribunal to the Circuit Court. Therefore, the Circuit Court of Davidson County did have jurisdiction to enter a judgment on the Petition. See Tenn. Code Ann. § 27-8-101 (2014).

*Failure to Make Partial Payment of the Filing Fee*

The Petitioner asserts that his claim was improperly dismissed for failure to make partial payment of the filing fee. We agree. Litigants filing civil actions in Tennessee must file a cost bond and pay an initial filing fee. Indigent parties may file civil actions without giving security for cost or paying litigation taxes if they file "an oath of poverty" stating that "owing to [] poverty" they are "not able to bear the expense of the action" and "are justly entitled to the relief they seek," and they file "an accompanying affidavit of indigency as prescribed by court rule." Tenn. Code Ann. § 20-12-127 (Supp. 2008). Upon filing the appropriate affidavit of indigency, the costs are held in abeyance until the end of the litigation. See Tenn. Sup. Ct. R. 29. However, indigent persons are not excused from paying the initial filing fees required by Tennessee Code Annotated section 8-21-401(a). Alvin Freeman v. Tenn. Dept. of Prob. and Parole, No. M2002-00958-COA-R3-CV, 2003 WL 1798080, at *2 (Tenn. Ct. App. Apr. 7, 2003), no perm. app. filed. In 1996, the Tennessee General Assembly enacted Tennessee Code Annotated

- 4 -

section 41-21-807, which provides a procedure for collecting the required filing fee from inmates filing civil suits in state courts. That section states:

(a) An inmate seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security for the fees, in addition to filing the affidavit required by § 41-21-805, shall submit a certified copy of the trust fund account statement, or the institutional equivalent, for the inmate for the six-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each facility at which the inmate is or was confined.

(b)(1) If an inmate brings a civil action or files an appeal in forma pauperis, the inmate shall be required to pay the full amount of the filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of twenty percent (20%) of the greater of the average monthly:

(A) Deposits to the inmate's account; or

(B) Balance in the inmate's account for the six-month period immediately preceding the filing of the complaint or notice of appeal.

(2) After payment of the initial partial filing fee, the inmate shall be required to make monthly payments of twenty percent (20%) of the preceding month's income credited to the inmate's account. The agency having custody of the inmate shall forward payments from the inmate's account to the clerk of the court each time the amount in the account exceeds ten dollars ($10.00) until the filing fees are paid.

(3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action or an appeal of a civil action or criminal judgment.

(4) In no event shall an inmate be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the inmate has no assets and no means by which to pay the initial partial filing fee.

(c) In no event shall an inmate bring a civil action or appeal a judgment in a civil action or proceeding under this section if the inmate has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of this state or the United States that was dismissed on the grounds that it was frivolous, malicious or failed to

state a claim upon which relief may be granted, unless the inmate is under imminent danger of serious physical injury.

Tenn. Code Ann. § 41-21-807 (2014).

In this case, the Petitioner submitted a Uniform Civil Affidavit of Indigency, which included the pauper's oath; an Inmate Affidavit Pursuant to Tennessee Code Annotated section 41-21-805 *et seq.*; and a Certification of Inmate Trust Fund Balance ("the Trust Fund Certification"). The Trust Fund Certification is signed by the trust fund custodian and notarized. It states that, as of April 24, 2015, the Petitioner "currently has a cash balance of $0 in his inmate trust fund account. And the average balance for the past six (6) months has been $0."

The State argues that Tennessee Code Annotated section 41-21-807(a) requires the Petitioner to submit certified copies of his trust fund account statements for the six months immediately prior to filing the Petition and that the single-page Trust Fund Certification was insufficient to satisfy the statute's requirements. We disagree with the State's interpretation of section 41-21-807(a). The statute explicitly states that an inmate "shall submit a certified copy of the trust fund account statement, or the institutional equivalent[.]" Tenn. Code Ann. § 41-21-807(a) (2014). We believe the Trust Fund Certification form signed by the trust fund custodian and notarized satisfies the requirements of the statute. Additionally, courts in this state have previously been able to review inmates' ability to pay the partial filing fee in cases when the petition for writ of certiorari was supported by similar documentation. See, e.g., Gary Wallace v. Tennessee Dept. of Corr., No. M2005-01916-COA-R3-CV, 2006 WL 3246104, at *1 (Tenn. Ct. App. Nov. 8, 2006) ("Plaintiff filed a certificate by the custodian of inmate accounts which stated that as of May 19, Plaintiff had a total of $1.05 in his trust account and that the average balance in Plaintiff's trust account during the previous six months was $19.48"); Alvin Freeman, 2003 WL 1798080, at *2 ("Mr. Freeman had $23.55 in his prison trust fund account on the day before he filed his petition in this case. The average balance in his account for the six immediately preceding months was $24.85"). Therefore, we conclude that the Petitioner filed sufficient documentation to show that he had "no assets and no means by which to pay the initial partial filing fee," and he could not be prohibited from bringing a civil action for failure to make said payment. See Tenn. Code Ann. § 41-21-807(b)(4). Dismissal of the Petition for failure to make partial payment of the filing fee was improper. However, as discussed below, the Petition was subject to dismissal because the writ of certiorari was not available in this case.

### Availability of the Writ of Certiorari

The writ of certiorari derives from article 6, section 10 of the Constitution of the State of Tennessee. The practice by which a writ may be obtained is set out in Tennessee

Code Annotated sections 27-8-101 through 27-8-118. "The remedy of certiorari is not available as of right, but is granted under unusual or extraordinary circumstances." Clark v. Metro. Gov't of Nashville and Davidson Cnty., 827 S.W.2d 312, 316-17 (Tenn. Ct. App. 1991). Review under the common law writ is limited to a determination of whether the "inferior tribunal, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally[.]" Tenn. Code Ann. § 27-8-101 (2014); see also Boyce v. Williams, 389 S.W.2d 272, 276 (Tenn. 1965). The writ is not used to review the intrinsic correctness of a judgment rendered by an inferior tribunal but only to review the manner in which the decision was reached. In re Sentinel Trust Co., 206 S.W.3d 501, 524 (Tenn. Ct. App. 2005). We review the lower court's decision de novo. Case v. Shelby Cnty. Civil Serv. Merit Bd., 98 S.W.3d 167, 172 (Tenn. Ct. App. 2002).

Generally, certiorari may not be awarded when an express avenue for appellate review is available. Tragle v. Burdette, 438 S.W.2d 736, 737 (Tenn. 1969); State v. Hartwell, 124 S.W.3d 629, 631 (Tenn. Crim. App. 2003). However, failure to pursue an available appeal will be excused and review by way of certiorari permitted under certain circumstances such as "a fraud, contrivance by the opposing party or the court, or the willful or negligent act of the court clerk." Hartwell, 124 S.W.3d at 631.

In this case, the subject of the Petition is the juvenile court's order transferring the Petitioner to criminal court. The juvenile court has exclusive jurisdiction over juveniles alleged to be delinquent. Tenn. Code Ann. § 37-1-103(a)(1) (Supp. 2000). However, upon petition, notice, and a hearing, the juvenile court may transfer a juvenile to criminal court to be tried as an adult. Tenn. Code Ann. § 37-1-134(a) (Supp. 2000). Such transfer terminates the jurisdiction of the juvenile court. Tenn. Code Ann. § 37-1-134(c) (Supp. 2000). There is no interlocutory appeal from a juvenile court's decision to transfer a juvenile to criminal court. Tenn. Code Ann. § 37-1-159(d) (Supp. 2000). However, a juvenile may challenge the transfer to criminal court as follows:

> If and only if a nonlawyer judge presides at the transfer hearing in juvenile court, then the criminal court, upon motion of the [juvenile] filed within ten (10) days of the juvenile court order, excluding nonjudicial days, shall hold a hearing as expeditiously as possible to determine whether it will accept jurisdiction over the [juvenile]; provided, that if no such motion is filed with the criminal court within the ten-day period, excluding nonjudicial days, such [juvenile] shall be subject to indictment, presentment or information for the offense charged and thus subject to trial as an adult. . . .

Id. After such a hearing, the criminal court may either (1) remand the juvenile back to the jurisdiction of the juvenile court or (2) enter an order certifying that it has taken jurisdiction over the juvenile. Tenn. Code Ann. § 37-1-159(e) (Supp. 2000). If the criminal court enters an order certifying that it has taken jurisdiction, then "[f]ollowing

- 7 -

the order, the [juvenile] shall be subject to indictment, presentment or information for the offenses charged." Tenn. Code Ann. § 37-1-159(e)(2) (Supp. 2000). If the criminal court accepts jurisdiction pursuant to subsection (e), the juvenile may appeal that decision to this court "only following a conviction on the merits of the charge." Tenn. Code Ann. § 37-1-159(f) (Supp. 2000).

This court has held that a juvenile may also appeal a transfer order entered by a lawyer juvenile court judge. State v. Griffin, 914 S.W.2d 564, 566 (Tenn. Crim. App. 1995), no perm. app. filed. In such cases, in order to preserve the issue for appeal, the juvenile must either (1) enter a plea of not guilty, proceed to trial, and pursue an appeal if convicted or (2) enter a plea of guilty or nolo contendre and reserve the issue as a certified question of law pursuant to Tennessee Rule of Criminal Procedure 37. Id.

In this case, it is not clear whether the Petitioner was transferred to criminal court by a nonlawyer juvenile court judge or a lawyer juvenile court judge. However, for the purposes of a writ of certiorari, the distinction is irrelevant. Under either circumstance, there was an express avenue for appellate relief available to the Petitioner. There is no indication that he filed a motion in criminal court challenging the transfer, that he reserved the issue as a certified question of law when he entered his guilty plea, or that he filed a direct appeal of his conviction to this court. Further, the Petitioner offers no excuse for his delay in seeking appellate review of the juvenile court's decision that would permit certiorari review. Accordingly, relief by way of certiorari is not available in this case.[2]

### III. Conclusion

For the aforementioned reasons, the judgment of the trial court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

---

[2] Additionally, the State raises a separate argument that the Petitioner has waived review of his transfer hearing by failing to reserve the issue as a certified question of law and pursue a direct appeal. However, upon review of the State's brief, it appears that the State is merely restating its argument that certiorari relief is not available in this case. Because we have already determined that the Petitioner is not entitled to certiorari relief, we need not address the State's separate claim.