IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 11, 2025

## LAKEESHA NICOLE DIXON-STARNES v. ASCENSION SAINT THOMAS HOSPITAL MIDTOWN

**Appeal from the Circuit Court for Davidson County**
**No. 25C568     Joseph P. Binkley, Jr., Judge**

_____

### No. M2025-01022-COA-T10B-CV
_____

This matter is a petition for recusal of the trial judge pursuant to Tenn. Sup. Ct. R. 10B. The inadequacies of the petition require this Court to affirm the trial court's denial of the recusal motion.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which THOMAS R. FRIERSON, II, and CARMA DENNIS MCGEE, JJ., joined.

Lakeesha Nicole Dixon-Starnes, Nashville, Tennessee, pro se.

Brian Holmes and Robert Dillon Estes, Nashville, Tennessee, for the appellee, Ascension Saint Thomas Hospital Midtown.

### OPINION

#### FACTUAL AND PROCEDURAL BACKGROUND

This matter is an appeal of the denial of a recusal motion pursuant to Tennessee Supreme Court Rule 10B.[1] Lakeesha Dixon-Starnes ("Petitioner" or ("the petitioner") filed a "Notice of Interlocutory Appeal Pursuant to Tenn. Sup. Ct. R. 10B § 2.02" on July 9, 2025. She chose to augment this appeal with a "Petition for a Writ of Certiorari" and

---

[1] Having determined that no answer is necessary, we opt to act summarily on this appeal. *See* TENN. SUP. CT. R. 10B, §§ 2.05, 2.06. Also, the petitioner cites "Tenn. Sup. Ct. R. 10, Canon 3(E)(1)" as requiring recusal. Canon 3, however, deals with a judge's personal and extrajudicial activities. The petitioner's concern here is with the judge's actions and comments.

another "Petition for Interlocutory Appeal and Review Pursuant to Tenn. Sup. Ct. R. 10B," both sent to the Appellate Court Clerk on July 24 and 25 respectively.

The writ of certiorari is not an alternative method of appeal "'when an express provision for an appeal is available.'" *Young v. Young*, No. W2022-01031-COA-T10B-CV, 2022 WL 3572443, at *3 (Tenn. Ct. App. Aug. 19, 2022) (quoting *State v. Harwell*, 124 S.W.3d 629, 631 (Tenn. Crim. App. 2003); *see Clark v. Metro Gov't of Nashville & Davidson Cnty.*, 827 S.W.2d 312, 316 (Tenn. Ct. App. 1991) (reasoning that the writ "does not take the place of appeal")). Thus, the availability of Supreme Court Rule 10B renders a writ of certiorari unavailable.

When appealing a trial court's recusal decision, the recusal petition to the appellate court "shall contain" the following:

> (a) A statement of the issues presented for review;
>
> (b) A statement of the facts, setting forth the facts relevant to the issues presented for review;
>
> (c) An argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities; and
>
> (d) A short conclusion, stating the precise relief sought.

TENN. SUP. CT. R. 10B, § 2.03.

The first petition in this case states that recusal is required because:

> 1. The judge made inappropriate, disrespectful, and disparaging remarks about Plaintiff's character during a June 6, 2025 hearing.
>
> 2. The judge abruptly terminated the telephonic hearing while Plaintiff was speaking, denying her a meaningful opportunity to be heard.
>
> 3. These actions created an appearance of bias, violating the public's trust in judicial neutrality.
>
> 4. Plaintiff no longer has confidence that she can receive due process or a fair trial before this judge.

The second petition states the following:

## I. BACKGROUND

1. Petitioner filed a motion for recusal of Judge Joe P. Binkley, Jr. due to repeated unprofessional, belittling, and hostile conduct during proceedings, including denial of oral argument, procedural irregularities, and refusal to apply Rule 12.01 (default judgment standard) after defendant failed to respond within the statutory period.

2. Since filing the recusal motion, the trial court has denied all substantive motions filed by Petitioner—including: Motion for Default Judgment; Motion to Stay Proceedings; Motion for Reassignment; Objection to Retaliatory Denials.

3. Plaintiff was not informed that she needed to hire her own court reporter, resulting in unrecorded hearings where the trial judge engaged in behavior now unreviewable on appeal.

## II. GROUNDS FOR RECUSAL

4. Petitioner asserts judicial bias is evident and not based on "mere dissatisfaction" with rulings but a pattern of retaliatory denials following the recusal motion.

5. Judicial impartiality is required under: Tenn. Sup. Ct. R. 10B § 1.02; Tennessee Code of Judicial Conduct Rule 2.2 (Impartiality and Fairness); Rule 2.3 (Bias, Prejudice, and Harassment).

6. As the record stands, Petitioner cannot receive a fair trial while this judge presides.

The petitioner puts forth almost no facts relevant to her issues, and there is but a skeletal argument with a few citations to the Code of Judicial Conduct and no references to case authorities. Facts and an argument with citation to authorities are mandatory ingredients in a Rule 10B petition, as evidenced by the use of the word "shall" in Rule 10B §2.03. "The word 'shall' is equivalent to the word 'must.'" *Bateman v. Smith,* 194 S.W. 2d 336, 336 (Tenn. 1946) (citing *Home Tel. Co. v. Nashville*, 101 S.W. 770, 773 (Tenn. 1907)); *State v. Burrow*, 104 S.W. 526, 529 (Tenn. 1907).

Furthermore,

The petition shall be accompanied by a copy of the motion and all supporting documents filed in the trial court, a copy of the trial court's order or opinion

ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal.

TENN. SUP. CT. R. 10B, § 2.03. The original motion does not accompany either petition. No transcript accompanied the petitions either, so we have no way of knowing what the trial judge said or the context of it. "It is not the role of the courts . . . to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd of Prof. Resp.*, 301 S.W.3d 603, 615 (Tenn. 2010).

We recognize that the petitioner represents herself. The petitioner complains that she was not told of the need for her to hire a court reporter. However, the courts cannot "excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). Rule 32 of the local rules for the courts of record for the Twentieth Judicial District, plainly states that "It is the responsibility of parties to arrange for court reporters in civil cases." Again, it is not the role of the trial court to tell the petitioner how to conduct her case.

Finally, the petitioner appears to want this Court to grant the default judgment motion that the trial court dismissed. A Rule 10B appeal is solely for the purpose of addressing the recusal issue. No other issues may be addressed. *In re Conservatorship of Tate,* No. M2012–01918–COA–10B–CV, 2012 WL 4086159, at *2 (Tenn. Ct. App. Sept. 17, 2012) ("The only issues this court may consider in an appeal under Tenn. Sup.Ct. R. 10B concern whether the trial court erred in denying the motion for recusal.").

For all the above reasons, the decision of the trial court on the motion to recuse is affirmed.

CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellant, Lakeesha Nicole Dixon-Starnes, for which execution may issue if necessary.

/s/ Andy D. Bennett
ANDY D. BENNETT, JUDGE

- 4 -